## Union Central Life Insurance Company v. Barnes.

(Decided May 1, 1917.)

### Appeal from Franklin Circuit Court.

1. Insurance—Life Insurance—Limitation of Action.—A provision in a life insurance policy for a period of limitation less than that fixed by the statute of limitations of this state, although invalid if the contract is made in this state, will be enforced by the courts of this state, under the rules of comity, if it was made and to be performed in another state where such stipulation is valid.

2. Insurance—Limitation of Action.—Under the above rule, it is immaterial that the insured was a resident of this state at the time of his death, and that the beneficiary, when the cause of

action accrued, and when the suit was filed, was a resident of this state.

T. L. EDELEN for appellant.

O'REAR & WILLIAMS and GEORGE PATTERSON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

In 1904, Clifton J. Barnes, then a resident of Virginia, applied for, and had issued to him by appellant, a policy of insurance for $5,000.00, payable to his wife, the appellee, Jennie F. Barnes. The policy contains the provision that it shall be held and considered to have been made in the city of Cincinnati, Ohio; but whether made in Ohio or Virginia is immaterial here, since it is agreed that under the laws of both Ohio and Virginia, a stipulation in a contract for a period of limitation different from that fixed by the statute of limitations is valid and enforceable.

The policy under consideration contained a stipulation, that no action could be maintained thereon after one year from the date of the death of the insured. The statutory period of limitation for actions upon such a contract is, by the laws of this state, fixed at fifteen years.

After the execution and delivery of the policy to Barnes, he and his wife moved from Virginia to Kentucky, and were residents and citizens of this state when Mr. Barnes died, in August, 1911.

More than one year after the death of the insured, Mrs. Barnes, named as beneficiary in the policy, on March 20th, 1914, instituted this action in the Franklin circuit court, to recover the amount of the policy. The company denied liability and resisted payment upon two grounds; first, that the action not having been brought within the stipulated one year after the death of the insured, her cause of action was barred; second, that, for the non-payment of premiums, the contract had lapsed before the death of the insured. A demurrer was sustained to both of these defenses, and, the company declining to plead further, judgment was rendered against it in favor of appellee, for the amount of the policy, with interest and costs.

Our conclusion upon the validity of the stipulated period of limitation will render unnecessary a discussion of the question whether or not the policy had lapsed for non-payment of premiums.

In the case of Union Central Life Insurance Company, v. Spinks, 119 Ky. 261, which counsel for appellant insists is unsound and against the great weight of authority, this court, upon a careful consideration of the question, held that a provision in a life insurance policy, made and to be performed in this state, to the effect that no suit could be maintained thereon, unless begun within one year from the death of the insured, was void, as in contravention of the public policy of this state, overruling various cases in which a contrary position was assumed.

Although criticizing the opinion in the Spinks case, counsel for appellant does not ask that same be overruled, since, in the more recent case of Clarey v. Union Central Life Insurance Co., 143 Ky. 540, it was held that the rule announced in the Spinks case is restricted in its application, to contracts made and to be performed in this state, and that the identical provision now before us, in a similar contract issued by this appellant in a state where the provision is valid, would be enforced by our courts; and it is conceded by counsel for appellee that the Clarey opinion must be either overruled or disregarded, in order to sustain the judgment herein. The argument is made that the conclusions in the Clarey case are correct, but that the reasons upon which the court based its conclusions are unsound, and that the authorities cited therein do not sustain the court's reasoning, which we are asked to repudiate. To do this we would, of course, be compelled to overrule the Clarey case, for the reasoning upon which the opinion is rested is as vital as authority as the principle deduced therefrom. Besides, the principle announced in that case is, that life insurance contracts, containing a conventional limitation valid where executed, will be enforced by the courts of this state, even though, as to contracts made in this state, such a provision in an insurance contract, under authority of the Spinks case, is contrary to the public policy of the state and invalid. So that, to permit a recovery by appellee, we would have to abandon, not only the reasoning upon which the Clarey case is rested, but the principle announced therein as well.

Both the Spinks and Clarey cases were thoroughly considered by this court, and, although the position assumed in the former was taken confessedly in opposition to much and weighty authority, and is recognized, now,

as placing this court in a somewhat isolated position upon the question involved, we took that position deliberately, after careful consideration of all the authorities; and, still satisfied that the reasons advanced support the principle announced, we are content to apply it to cases purely local to this jurisdiction; but when confronted, in the Clarey case, with the necessity of disregarding the recognized and established rules of comity, if we would extend the application of the Spinks case to contracts made and to be performed in other jurisdictions, but sought to be enforced here, this court was constrained to abide by the rules of comity, always recognized and enforced here, as elsewhere, rather than to impress its peculiar views upon a foreign contract subjected to litigation here. While it is against the public policy of this state to contract for a period of limitation less than that provided by our statute, where the contract is made and to be performed within the state, the public policy of the state is not affected or infringed by the making of such a contract elsewhere, and under the rules of comity, we are bound to enforce a contract valid where made. Any other position would be at variance with all authority and entirely indefensible. Under this view it is immaterial that appellee, when the cause of action accrued, and when the suit was filed, was a resident of this state.

It is also argued for appellee, that the question of limitation is one of remedy, governed by the *lex fori* rather than the *lex loci contractus,* and this would be true, if the question were one as to which statute of limitation should apply, whether of the state where the contract was made or of the state where the remedy is sought to be enforced; but such is not the case here, since the statutes of limitations of the respective states are not involved, but only the validity of the contract itself.

The lower court, therefore, erred in sustaining the demurrer to this complete defense presented by appellant.

Wherefore, the judgment is reversed for proceedings consistent herewith.