THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES OF AMERICA, A CORPORATION UNDER THE LAWS OF THE STATE OF NEW YORK, *Plaintiff in Error*, v. JULES McREE, AN INFANT, BY HIS NEXT FRIEND, M. S. McREE, *Defendant in Error.*

Opinion filed February 13, 1918.

1. The statutes of Florida have no force as such beyond the limits of the State.

2. A life insurance policy which by its terms does not become a completed contract until delivery on payment of first premium is to be construed as a contract made in the State where the first premium is paid and the policy delivered.

3. Section 3154 General Statutes, 1906, does not affect the rights of an insurer under a contract made in another State; and neither the law nor the public policy of this State forbids the payment of the proceeds of insurance policies to an administrator of a person who dies in this State while a resident of and domiciled therein, when the policy contracts are made in another State without reference to the laws of this State and such contracts expressly provide that the policies shall be payable to the administrator of the insured, and payment to the administrator of the insured is authorized by the law of such other state.

Writ of Error to Circuit Court for Hillsborough County, F. M. Robles, Judge.

Judgment reversed.

*John C. Cooper & Son,* for Plaintiff in Error;

*Dickenson & Dickenson* and *S. V. Ray,* for Defendant in Error.

WHITFIELD, J.—The amended declaration herein is as follows:

"Jules McRee, an infant, plaintiff, by his next friend, M. S. McRee, by his attorneys Hill, Hill, Whiting & Stern, Dickenson & Dickenson and S. V. Ray, sues The Equitable Life Assurance Society, a corporation organized and existing under the laws of the State of New York, defendant, which has been summoned to answer the plaintiff in a civil action for that whereas,

"Heretofore, to-wit, on the 24th day of July, 1896, in consideration of the payment by Julius S. McRee of the sum of one hundred eighty-four dollars and 10 cents ($184.10), and of the like sum on the 14th day of July of every year thereafter during the continuance of the policy of insurance, the defendant made and delivered to Julius S. McRee its policies of insurance on the life of the said Julius S. McRee, two in number, each for two thousand five hundred dollars, and thereby insured the life of the said Julius S. McRee in the sum of five thousand dollars ($5,000.00), said policies at the time of issuance made payable to Eugenia G. McRee, wife of the said Julius S. McRee, but thereafter, to-wit, on the 26th day of June, 1906, while the said Julius S. McRee was a resident of and domiciled in the State of Florida, the defendant, at the direction of the insured, changed the beneficiary of said policies of insurance, making the same payable after the death of the said Julius S. McRee to his executors, administrators or assigns; that the said Julius S. McRee duly fulfilled all the conditions of said insurance on his part, including the payment of premiums as aforesaid; that prior to the time of his death the said Julius S. McRee borrowed from the defendant the sum of six hundred dollars ($600.00), contracting with said defendant that should he die before the repay-

ment of said loan to the defendant, his said policies of
insurance should be charged therewith, and thereafter,
on the......day of................., 1909, died intes-
tate at Tampa, Florida, leaving as his only heirs at law
his wife Eugenia G. McRee, and his son Jules McRee,
the plaintiff herein; that upon the death of the said
Julius S. McRee, as aforesaid, there became due and
payable under the terms of the said policies of insurance
from the said defendant the sum of one thousand eight
hundred seventy-two and 54-100 dollars ($1,872.54)
each, or a total of three thousand seven hundred forty-
five and 8-100 dollars ($3,745.08), and by reason of his
heirship this plaintiff became and was entitled upon the
death of the said Julius S. McRee to one-half of any and
all sums due from the defendant upon the said policies
of insurance, with lawful interest thereon from the time
the same became so due and payable, together with a
reasonable sum as fees and compensation for the plain-
tiff,s attorneys in prosecuting this suit, all of which
will more fully appear by copies of the said policies of
insurance, which are attached hereto and made a part
of this declaration.

"But this plaintiff has not been paid the said sum or
sums of money, or any part thereof, by the said defend-
ant, wherefore he brings his suit and claims the sum of
three thousand dollars damages."

Each of the life insurance policies referred to in the
declaration contained the following provisions:

"The Equitable Life Assurance Society of the United
States hereby assures the life of Julius S. McRee, of
Montgomery, Ala., hereinafter known as the Assured,
and on receipt of satisfactory proofs of his death, pro-
viding this policy is then in force, agrees to pay Twenty-
five Hundred Dollars, at its office in the City of New

York, to Eugenia G. McRee, hereinafter known as the beneficiary, wife of the assured, or in the event of her prior death, to the assured's executors, administrators or assigns, subject to the right of the Assured to change the beneficiary.

"This assurance is granted in consideration of the written and printed application for this policy, which is hereby made a part of this contract; and of the payment in advance of Ninety-two 05-100 Dollars, and of the payment of a like sum on or before the fourteenth day of July in every year thereafter, until premiums for twenty years have been duly paid, or until the prior death of the assured."

"VII. Privilege of Changing Beneficiary. This policy is issued with the express understanding that the assured may, providing this policy has not been assigned, change the beneficiary, or beneficiaries, at any time during the continuance of this policy, by filing with the Secretary a written request duly acknowledged, accompanied by this policy; such change to take effect upon the endorsement of the same on the policy by the Society."

The defendant filed twenty-five pleas to the amended declaration, the first three being (1) never was indebted as alleged (2) did not promise as alleged (3) payment. One special plea denied "that the said Julius S. McRee was a resident of and domiciled in the State of Florida when the defendant, at the direction of the insured changed the beneficiaries of said policies of insurance, making the same payable after the death of the said Julius S. McRee, to his executors, administrators, or assigns, but avers the truth to be that the said Julius S. McRee was at the time the defendant changed the beneficiaries of said policies of insurance, at the direction of the insured, making the same payable after the death

of the said Julius S. McRee, to his executors, administrators, or assigns, a resident of and domiciled in the State of Georgia; that the request for the said change was made by said McRee in the State of Georgia, and that payment has been made to the beneficiary named in the policies as changed according to the law of Georgia."

Other special pleas in effect set up that the policies were contracts made in the State of Alabama to be performed in the State of New York; that the beneficiary of the policies was changed by the insured by a request made by him in the State of Georgia while he was a resident of and domiciled in the State of Georgia, and that they were discharged by payment to the beneficiary named in the policies and who was entitled to receive the same according to the laws of the State of Alabama in which they were made and according to the laws of the State of Georgia where the insured lived and was when he changed the beneficiary of the policies as well as according to the laws of the State of New York, in which the contracts were to be performed by the insured.

The pleas further aver that the law of Alabama and of New York "provides and requires that when policies of insurance similar to those sued on are made payable to the assured's executors, administrators or assigns, the sums to be paid under said policies of insurance are to be paid to the assured's executors, administrators or assigns, upon the death of the assured on proper proofs of such death;" and that by the law of Georgia the insured "may direct the money to be paid to his personal representatives, or to his widow, or to his children, or to assignees; and upon such direction, given and assented to by the insurer, no other person can defeat the same. But the assignment is good without said assent;" and

that payment had been made "to Eugenia G .McRee, as administratrix of the estate of Julius S. McRee."

The tenth plea is as follows: "And for a tenth plea, the defendants says that the said policies of life insurance sued on provide that they are granted in consideration of a written and printed application for the policies of insurance which applications are made a part of the contract of insurance, and that the policies and the applications taken together shall constitute the entire contract between the parties; that in said applications made by said Julius S. McRee, it is provided that the contract of insurance shall not take effect until the first premiums shall have been paid during the good health of insured; that the said applications were taken in the State of Alabama; that the first premiums on said policies of insurance were paid by the said Julius S. McRee to this defendant in the State of Alabama, and that the policies sued on were delivered to the insured, Julius S. McRee, in said State of Alabama; that the Statute Law of the State of Alabama, provides in Section 4583 of the Code of Alabama that 'All contracts of insurance the application for which is taken within the State shall be deemed to have been made within this State. and subject to the laws thereof.' That the unwritten or common law of the State of Alabama as evidenced by the books of reports in cases adjudged in the courts of the said State of Alabama provides and requires that when policies of insurance similar to those sued on are made payable to the assured's executors, administrators, or assigns, the sums to be paid under said policies of insurance are to be paid to the assured's executors, administrators or assigns, upon the death of the assured on proper proof of such death; that under the terms of said contract of insurance and the Law of said State of

Alabama, this defendant then and there became obligated to pay all sums of money due to be paid under said contract of insurance to the assured's executors, administrators or assigns, upon the death of the assured, and proper proof thereof; that Section 3154 of the General Statutes of the State of Florida, which provides in effect that upon the death of the assured in the State of Florida the proceeds of said policies of insurance are not to be paid to the executors, administrators or assigns of assured, but are to be paid to the widow and child or children of assured in equal shares, is contrary to Section 10, Article I of the Constitution of the United States of America, in that it impairs the aforesaid obligations of said contracts of insurance."

Still others of the special pleas aver that as applied to the averred facts as to the making of the contracts of insurance, the quoted statute conflicts with organic law by violating the obligation of the contracts and denying due process of law.

The court sustained demurrers to all the pleas except the first three which later were withdrawn by the defendant; and final judgment for the plaintiff was entered on the demurrer. The defendant took writ of error.

Section 3154 of the General Statutes of 1906 is as follows: "Whenever any person shall die in this State leaving insurance on his life the said insurance shall inure exclusively to the benefit of the child or children and husband or wife of such person in equal portions, or to any person or persons for whose use and benefit such insurance is declared in the policy; and the proceeds thereof shall in no case be liable to attachment, garnishment, or any legal process in favor of any creditor or creditors of the person whose life is so insured, unless the insurance policy declares that the policy was

effected for the benefit of such creditor or creditors: Provided, however, That whenever the insurance is for the benefit of the estate of the insured or is payable to the estate or to the insured his or her executors, administrators, or assigns the proceeds of the insurance may be bequeathed by the insured to any person or persons whatsoever or for any uses in like manner as he or she may bequeath or devise any other property or effects of which he or she may be possessed, and which shall be subject to disposition by last will and testament."

In Pace v. Pace, 19 Fla. 438, it was held that a policy of a foreign insurance company executed and delivered in this State is subject to the provisions of this statute; and that where such a policy is issued "for the benefit of the estate of the insured," and the insured died leaving no wife but an infant son, "the property and the right to collect the proceeds of the policy inured to the child, and not to the administrator of the insured," and that consequently the sureties on the administrator's bond were not liable for such proceeds collected by the administrator of the deceased insured.

In Bradford v. Watson, 65 Fla. 461, 62 South. Rep. 484, it appears that the "policy was issued and delivered, and the contract thereby made consummated in Escambia County, State of Florida." Following the Pace case it was held that "under the statute, where a life insurance policy is made payable to the 'executors, administrators or assigns' of the decedent, the insurance is in law payable to the surviving widow and children of the decedent. Such insurance when the decedent leaves a widow and children is not a part of the decedent's estate for the purpose of paying debts, or for distribution; and the administratrix of the decedent's estate as such is not entitled to collect the insurance. Consequently the

sureties on the bond of the administratrix are not liable for the application of the insurance actually collected by the administratrix." These decisions were upon the liability of the administrator's sureties under policies issued in this State.

The question presented between the parties to this action is one of contract right, not of the situs or of the beneficiaries of a decedent's personal estate. Are the contract rights of the insurer, in view of the averments of the special pleas, which are admitted by the demurrers, controlled by the quoted statute as to the party to whom payment may be made?

It is manifest that the statute can have no force beyond the limits of this State. If, as averred in the special pleas, the contracts of insurance were made in Alabama, and, if as averred, while the insured was a resident of the State of Georgia, he changed the beneficiary so as to make the policies payable to his executors, administrators or assigns, the statute is not applicable, for the purpose of designating the parties to whom the proceeds of the policies may be paid by the insurer, though the insured afterwards died in Florida while he was a resident of and domiciled in this State, and though in such case the statute may designate the beneficiaries of the proceeds of the policies. It does not appear that the laws of Florida were by the contracts made a part of the policies of insurance, or that the policies were applied for or made or issued in contemplation of or with reference to the laws of Florida. If the contracts of insurance were made in Alabama and the beneficiary changed by the insured while he resided in Georgia, the assumption naturally is, in the absence of anything to the contrary appearing, that the contracts were made with reference to the laws of the State in

which the transactions occurred, unless the contracts by intendment or otherwise had reference to the place of performance by the insurer. See Pritchard v. Norton, 106 U. S. 124, 1 Sup. Ct. Rep. 102; Equitable Life Assur. Soc. v. Clements, 140 U. S. 226, 11 Sup. Ct. Rep. 822; Allgeyer v. State of Louisiana, 165 U. S. 578, 17 Sup. Ct. 427; New York Life Ins. Co. v. Cravens, 178 U. S. 389, 20 Sup. Ct. Rep. 962; Mutual Life Ins. Co. of New York v. Cohen, 179 U. S. 262, 21 Sup. Ct. Rep. 106; Mutual Life Ins. Co. v. Hill, 193 U. S. 551, 24 Sup. Ct. Rep. 538.

A life insurance policy which by its terms does not becon e a completed contract until delivery on payment of first premium is to be construed as a contract made in the State where the first premium is paid and the policy delivered, notwithstanding a recital that it is to be construed as though made in another State. Northwestern Mut. Life Ins. Co. v. McCue, 223 U. S. 234, 32 Sup. Ct. Rep. 220.

As originally issued the policies stipulated that upon the death of the insured the insurer would "pay (the stated amount) at its office in the City of New York to Eugenia G. McRee, hereinafter known as the beneficiary, wife of the insured;" and it is alleged that as changed according to the provisions of the policies for changing the beneficiary, the proceeds were made "payable after death of said Julius S. McRee to his executors, administrators or assigns." The special pleas aver that payment was made "to Eugenia G. McRee as administratrix of the estate of Julius S. McRee," and that such payment was in accordance with the laws of the State of Alabama where the policies were issued, and with the laws of the State of Georgia where the beneficiary was changed, and with the laws of the State of.

New York where the policies were payable. This presented an issue as to whether the *contracts* of insurance made in another State were as to the party to whom payment of the proceeds n ay be made, controlled by the Florida statute which provides that the "insurance shall inure exclusively to the benefit of the child or children and husband or wife of such person in equal portion" though by their terms the policies are made payable to the executor or administrator of the insured, and such parties are authorized to collect the proceeds under the law of the State where the contract was made. The averments of the pleas that payment was made "to Eugenia G. McRee, as administratrix of the estate of Julius S. McRee," in compliance with the policies, and that such payment was authorized by the law of Alabama, of Georgia and of New York, are admitted by the demurrers.

The statute herein quoted cannot affect the rights of an insurer under a contract made in another State; and neither the law nor the public policy of this State forbids the payment of the proceeds of insurance policies to an administrator of a person who dies in this State while a resident of and domiciled therein, when the policy contracts are made in another State without reference to the laws of this State and such contracts expressly provide that the policies shall be payable to the administrator of the insured, and payment to the administrator of the insured is authorized by the law of such other State. The administrator is appointed under the law of the decedent's domicile at his death and this was doubtless contemplated in making the policy contracts. The demurrers to the pleas should have been overruled.

In American Fire Ins. Co. v. King Lumber & Mfg. Co., 74 Fla. 130, 77 South. Rep. 168, it was held that

the fire insurance policies there in controversy were issued by a foreign insurance company through an agent of the insurer in this State.

Judgment reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.