SOVEREIGN CAMP WOODMEN OF THE WORLD, *Plaintiff in Error*, v. HOMER H. MIXON, BY HIS NEXT FRIEND, MRS. A. D. MIXON, *Defendant in Error*.

### Opinion Filed March 29, 1920.

1. A contract of insurance delivered in this State through a local agency is subject to the laws of the State, one of which laws makes void any contract reducing the statutory limitations for instituting suits.

2. A verdict predicated upon supporting evidence will not be disturbed on writ of error, no errors of law or of procedure appearing.

A Writ of Error to the Circuit Court for Holmes County; D. J. Jones, Judge.

Judgment affirmed.

*J. A. J. Hathaway* and *Daniel Campbell & Son*, for Plaintiff in Error;

*John H. Carter*, for Defendant in Error.

WHITFIELD, J.—The beneficiary of an insurance certificate brought an action thereon.

The defenses interposed were that the decedent violated the conditions of the certificate rendering it null and void, in that he violated or attempted to violate the laws of Florida by unlawfully assaulting with a deadly weapon, a person who was forced to kill decedent to protect his own life; and that the action was not brought within one year as provided in the certificate which was a contract issued under the laws of Nebraska.

The latter defense was unavailing since it appears that the certificate was delivered in Florida through the officers of Yellow Pine Camp No. 108, located in this State, thereby making the contract subject to the laws of this State, one of which makes void any contract reducing the statutory limitations for instituting suits. See Chap. 6465, Acts 1913; American Fire Ins. Co. v. King Lumber & Mfg. Co., 74 Fla. 130, 77 South. Rep. 168, 250 U. S.    , 39 Sup. Ct. Rep.

The first defense above referred to was submitted to the jury and there is substantial evidence to sustain the finding adverse to the defendant company.

No material errors of law or procedure appearing, the judgment is affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.