## BROOKS v. TRAVELERS' PROTECTIVE ASS'N OF AMERICA.
### No. 4182.

District Court, E. D. New York.
Feb. 11, 1931.

Sherman, Ribman & Goldring, of New York City (Louis Goldring, of New York City, of counsel), for plaintiff.

Adolph F. Bruenner, of New York City, for defendant.

MOSCOWITZ, District Judge.

This case was tried before the court and a jury. It was stipulated at the conclusion of the trial that the court should decide this case as a matter of law in the absence of the jury.

The plaintiff has brought this action to recover the sum of $5,000 on a certificate of membership No. 50771, made by the defendant, dated February 4, 1921. By the terms of the certificate the defendant undertook to pay, in the event of the death of Horace L. Williamson, the said sum of $5,000 to Irene Wilson, his sister.

On January 4, 1929, Williamson was killed through external, violent, and accidental means at New York City. Due proof of the accident and cause of death were furnished to the defendant. Subsequent to the death of Williamson, and prior to the commencement of this action, said Irene Wilson assigned her claim to the plaintiff herein.

The defendant is a fraternal beneficiary association organized under the laws of the state of Missouri, and has complied with the requirements of the laws of the states of Missouri, Pennsylvania, and New York respecting fraternal beneficiary associations, and is authorized to conduct its business in these States as a fraternal beneficiary association.

The certificate of membership on which this suit is brought expressly provides that the certificate, the constitution, by-laws, and articles of incorporation of the defendant, and application for membership, signed by Williamson, and all amendments thereto, shall constitute the agreement between said association and said member, and shall govern the payment of benefits, and any changes, additions, or amendments to said constitution, by-laws, or articles of incorporation, made after the issuance of said certificate of membership, shall bind said member and his beneficiary or beneficiaries, and shall govern and control the contract in all respects the same as though such changes, additions, or amendments had been made prior to, and were in force at the time of said member's application for membership.

The constitution, which was in force at the time said certificate was issued, provided that suit must be brought upon said certificate within six months subsequent to the denial of liability by the defendant. This action was not begun until more than six months after the denial of liability.

The application for membership of the deceased member originated in Philadelphia,

Pa., by presentation of the said application to the Local Post A of the Pennsylvania Division; said application was there approved and forwarded to the National Secretary, where it was passed upon by the National Board of Directors at St. Louis, Mo., as to the risk; thereafter, the application was returned to the State Post in Pennsylvania for its vote and election of the applicant to membership, which proceeding concluded with the applicant's initiation into the post in accordance with the ritual, and was followed by the delivery to the member at that time of the certificate of membership theretofore approved and issued and delivered by the National Board of Directors to the local post through its State Division. It further appears that if the member is not elected to membership into the post, the certificate, which had theretofore been forwarded by the National Secretary to the local post, is returned to the St. Louis office and all moneys are refunded to the applicant; dues were paid annually or semiannually by the members to the local post or State Division, and the local organization retained that portion of the dues going to the division and the post and forwarded the balance, in bulk, covering any number of members who had made payment for that period to the national office. The certificate of membership was delivered to the member in Philadelphia subsequent to his initiation and the contract remained in effect through the subsequent years by the payment to the state secretary of the Pennsylvania Division at Philadelphia of dues and assessments required to keep the membership alive.

The applicant became a member in Pennsylvania with his initiation into Local Post A at Philadelphia and the delivery thereupon by the post secretary to the applicant of the certificate of membership and the continuous payment thereafter to the secretary of the State Division of Pennsylvania of the annual dues necessary to maintain said membership.

The place of contract was the state of Pennsylvania where the applicant was initiated. Porter v. Royal Americans of the Republic, 180 Mo. App. 538, 167 S. W. 578; Umberger v. Modern Brotherhood of America, 162 Mo. App. 141, 144 S. W. 898; Gill v. Sovereign Camp, Woodmen of the World, 209 Mo. App. 63, 236 S. W. 1073; Vanderbeek v. Protected Home Circle, 98 Misc. Rep. 691, 163 N. Y. S. 80, and Equitable Life Assur. Society of U. S. v. Pettus, 140 U. S. 226, 11 S. Ct. 822, 35 L. Ed. 497.

The plaintiff contended upon the trial that the contract was made in the state of Missouri, and that the six months' limitation was not available as a defense under section 2166 of the Revised Statutes of Missouri 1919, which is as follows:

"Sec. 2166. Contracts not to limit time for bringing suits.—All parts of any contract or agreement hereafter made or entered into which either directly or indirectly limit or tend to limit the time in which any suit or action may be instituted, shall be null and void."

At the trial the case was submitted as a question of law to determine whether the contract sued upon was to be construed and governed by the laws of the state of Missouri, or the state of Pennsylvania, or the state of New York.

It has already been pointed out in this opinion that the contract was made in the state of Pennsylvania. A contract with such limitations is valid under the laws of the state of Pennsylvania and the state of New York.

It will be noted that section 2166 of the Revised Statutes of Missouri places no restriction upon the making of a by-law, but the restriction is only with respect to a provision of the contract. Section 2166 applies only to preserving the full time provided for in the statutes of limitations for bringing actions as they appear on the Missouri statutes.

Section 2 of the articles of incorporation of the defendant is as follows:

"Its chief office and place of business shall be St. Louis, Missouri, but the scope of the business hereby intended shall embrace all of the states and territories in the United States."

It was therefore intended by the articles of incorporation that the defendant should, upon complying with the laws of the several states, initiate candidates and issue membership certificates in those states. It therefore appears that the statutes of Missouri containing the inhibition with respect to the limitation of time in which suits could be brought was intended to effect contracts made in the state of Missouri.

Section 2166 is not a limitation upon the charter powers of the defendant in any jurisdiction other than when in the exercise of its corporate powers it desires to enter into a contract in the state of Missouri. Section 2166 cannot affect a contract made in the state of Pennsylvania, or in the state of New York.

Defendant is entitled to judgment, which is to be settled on notice.