**SUN INSURANCE OFFICE LIMITED,**
Appellant,

v.

**John CLAY, Appellee.**

**No. 17525.**

United States Court of Appeals
Fifth Circuit.

April 8, 1959.

Rehearings Denied May 28, 1959.

---

Joe C. Brannen, Miami, Fla., James A. Smith, Miami, Fla., Wicker & Smith, Miami, Fla., of counsel, for appellant.

Paschal C. Reese, West Palm Beach, Fla., Gibson & Gibson, West Palm Beach, Fla., of counsel, for appellee.

Before RIVES and TUTTLE, Circuit Judges, and SIMPSON, District Judge.

TUTTLE, Circuit Judge.

This is a suit on a personal property floater policy. It was instituted in the United States District Court for the Southern District of Florida by the insured, John Clay. A jury awarded recovery in the total amount of $6,800 and judgment was entered accordingly. The insurer appeals, contending the district court erred in holding that the stipulation in the policy which forbade suit unless it was instituted within twelve months next after discovery of the loss [1] was rendered void and unenforceable by Florida Revised Statute 95.03 (1957), F.S.A., which reads as follows:

"Stipulations in contract shortening period of limitation illegal.—All provisions and stipulations contained in any contract whatever entered into after May 26, 1913 fixing the period of time in which suits may be instituted under any such contract, or upon any matter growing out of the provisions of any such contract, at a period of time less than that provided by the statute of limitations of this state, are hereby declared to be contrary to the public policy of this state, and to be illegal and void. No court in this state shall give effect to any provision or stipulation of the character mentioned in this section."

We agree with appellant's contention as to this defense, and therefore we do not reach its other contentions.

The policy was issued and delivered to appellee on April 22, 1952, in Chicago Illinois. At that time appellee was a citizen of and resided in the state of Illinois. He paid the premium in a lump sum in Chicago when he received the policy. Subsequently, in July, 1952, appellee moved to Florida. He purchased a ranch near Lake Harbor, Florida, in July or August of 1952 and became a resident of Florida from that time on. In December, 1954 and January, 1955, while he was living at the ranch near Lake Harbor, certain of his insured personal property was destroyed by vandalism and other insured property was stolen. Appellee notified appellant of his losses on February 1, 1955. After investigating the claim, appellant denied liability on April 6, 1955. Suit was not instituted until May 20, 1957.

Under the terms of the "Suit Clause" this suit was barred because of appellee's failure to institute it within twelve months next after he had discovered the losses. According to the law of Illinois, such a contractual provision was and is valid and enforceable.[2]

This insurance policy was issued and delivered in Illinois to a citizen of that state, and it was paid for by him while he was present and residing in that state. It insured the appellee's personal property which was at that time presumably in the same state. According to the law of Florida, it was therefore an Illinois contract, the validity and interpretation of which would ordinarily be determined by the law of Illinois. Connor v. Elliott, 79 Fla. 513, 85 So. 164, certiorari dismissed 254 U.S. 665, 41 S.Ct. 148, 65 L.Ed. 465. Since the law of Illinois validates clauses limiting the time within which suit may be brought, this clause presents a good defense to appellee's suit unless the Florida statute renders it unenforceable in any Florida court.

This presents a question which substantially affects the outcome of this

---

1. "Suit Clause:—No suit, action or proceeding for the recovery of any claim under this Policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Assured of the occurrence which gives rise to the claim. Provided, however, that if by the laws of the state within which this Policy is issued such limitation is invalid, then any such claims shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such state to be fixed herein."

2. Trichelle v. Sherman & Ellis, Inc., 259 Ill.App. 346; Hartzell v. Maryland Cas. Co., 163 Ill.App. 221; see also Smith-Hurd Ann.St. Ch. 73, § 969a(1) (k) (1958); cf. Smith-Hurd Ann.St. Ch. 73, §§ 837(1) (a), 903(1) (a) (1958).

suit, and since federal jurisdiction in this case is based on diversity of citizenship, we must apply the law which the state courts of the forum would apply (Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L. Ed. 2079; Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477), insofar as the state law does not violate the constitution of the United States. See Sampson v. Channell, 1 Cir., 110 F.2d 754, 128 A.L.R. 394, certiorari denied 310 U.S. 650, 60 S.Ct. 1099, 84 L.Ed. 1415.

The wording of the Florida statute is quite general and broad, and it appears to apply to all contracts, wherever made or performed, which happen to be sued upon in the courts of Florida. However, there are no reported instances where this statute has been applied under circumstances similar to those presented here; and the jurisprudence of Florida gives us reason to believe that the Florida state courts would construe it as being inapplicable under these circumstances.

The following representative decisions demonstrate the Florida courts' tendency, based on their interpretation of the requirements of due process and their recognition of the general common law rules of comity, to refrain from attempting to apply Florida statutes or their own notions of public policy to foreign contracts which are valid where entered into: Connor v. Elliott, supra; Sovereign Camp, Woodmen of the World v. Mixon, 79 Fla. 420, 84 So. 171; Equitable Life Assur. Soc. of United States of America v. McRee, 75 Fla. 257, 78 So. 22; American Fire Ins. Co. v. King Lumber & Mfg. Co., 74 Fla. 130, 77 So. 168, affirmed 250 U.S. 2, 39 S.Ct. 431, 63 L.Ed. 810.

■ It is thus quite possible that the Florida state courts would reach the same conclusion that the Kentucky court reached in Union Cent. Life Ins. Co. v. Barnes, 175 Ky. 364, 194 S.W. 339[3]— that the validity of a contractual provision limiting the time within which suit can be brought is to be determined by the lex locus contractu rather than the lex fori. This result could be expected if the court did not fall into the Alabama Supreme Court's error[4] of assuming that the issue presented concerned the choice of the applicable statute of limitations rather than the choice of the substantive law governing the validity of the contract itself.[5]

■ We are not obliged, however, to make the difficult guess as to what the Florida state courts might decide if they were presented with this issue, for we conclude that there is only one possible decision which would be consonant with due process of law:[6] to deny application of the Florida statute to this contract.

Examining the decisions of the Supreme Court of the United States on this subject, we find none which involves the identical circumstances presented here, but we find several which present very similar facts and which, we feel, clearly and unmistakably point out the result which must be reached in this case.

The case of Home Insurance Co. v. Dick, supra, involved a contract of marine insurance issued and paid for in Mexico and insuring a vessel which was never inside the state of Texas, the state in which suit on the policy was brought. The original insurance was payable in Mexico. After this insurance was issued, the risk was reinsured (outside of Texas) by a New York insurer which was qualified to do business in Texas.

3. See also Brooks v. Travelers' Protective Ass'n of America, D.C.E.D.N.Y., 47 F.2d 618.

4. Galliher v. State Mutual Life Ins. Co., 150 Ala. 543, 43 So. 833.

5. See Union Central Life Ins. Co. v. Barnes, 175 Ky. 364, 194 S.W. 339, 340; Hartford Accident & Indemnity Co. v.

Delta & Pine Land Co., 292 U.S. 143, 149, 54 S.Ct. 634, 78 L.Ed. 1178; cf. Home Insurance Co. v. Dick, 281 U.S. 397, 406, 409, 410, 50 S.Ct. 338, 74 L.Ed. 926.

6. Cf. Sampson v. Channell, 1 Cir., 110 F. 2d 754, certiorari denied 310 U.S. 650, 60 S.Ct. 1099, 84 L.Ed. 1415.

The original assured assigned the policy to a citizen of Texas who was then in Mexico and remained there until after the occurrence of the loss; after which he returned to Texas and brought an *in rem* action in Texas by garnishment proceedings directed against the domestic insurance agents. The defendants pleaded a stipulation in the policy forbidding suit except within one year next following the loss. The Texas courts denied the defendants the benefit of this stipulation. They held it was invalidated by a Texas statute, Rev.St. 1925, art. 5545, outlawing such agreements. The Supreme Court of the United States reversed the Texas courts by a unanimous vote. In an opinion written by Mr. Justice Brandeis, the Court stated that the statute as construed by the Texas courts deprived the defendants of property without due process of law. This statute, the Court held, increased their obligation and imposed burdens they had not contracted for; and this, the Court held, could not be done even in the name of the public policy of Texas.

This holding was followed by Judge Strum, of the District Court for the Southern District of Florida, later a member of this Court, in the case of Holderness v. Hamilton Fire Ins. Co. of New York, D.C.S.D.Fla., 54 F.Supp. 145, which involved the Florida statute we are here considering. But, appellee argues, in the Holderness case the plaintiff was a resident of the state of North Carolina, the policy was issued in North Carolina, and the building which was insured was located in North Carolina ("Holderness was nothing more than a sojourner in the State of Florida."). Thus, he contends, the Holderness decision, like the Dick decision, was dictated by a situation which is not duplicated in this case: the forum's lack of sufficient connection with the disputed contracts to warrant the invocation of the public policy of the forum.

Assuming that a state might, if its connections with a foreign contract are sufficiently great, be permitted to effectuate its own public policy by striking down an agreement which was valid where made, the question remains: are the contacts which Florida has with this contract great enough to permit this to be done in this case? These contacts consist of nothing more than the presence of the insured property and the beneficiary in the state of Florida beginning subsequent to the formation of the contract and continuing up to the time of the suit. Nothing was to be done in Florida pursuant to the insurance contract except the purely ministerial act of payment by the insurer, and that was so only because of the fortuitous circumstance of the assured's removal from Illinois to Florida. Under strikingly similar circumstances, the Supreme Court has held that the forum state did not have the right to deprive a defendant of a contractual provision limiting the time within which suit could be brought. Hartford Accident & Indemnity Co. v. Delta & Pine Land Co., 292 U.S. 143, 54 S.Ct. 634, 78 L.Ed. 1178, rehearing denied 292 U.S. 607, 54 S.Ct. 772, 78 L. Ed. 1468.

In the Delta & Pine Land case, the contract concerned a fidelity bond by which the defendant, a Connecticut corporation, qualified to do business in Mississippi and Tennessee, had insured the plaintiff, a Mississippi corporation with its principal office in Tennessee, against loss resulting from dishonesty of its employees "in any position, anywhere." The policy listed twenty-one employees who were then working in Mississippi.[7] The contract, however, was negotiated and executed in Tennessee. It contained a condition that any claim under the contract had to be made within fifteen months from the termination of the suretyship agreement. One of the employees, whose acts were insured against committed defalcations in Mississippi and the insured sued the indemnitor in that state. A Mississippi statute, Code 1930, § 2294, stated that all contracts of insurance on

7. Watson v. Employers Liability Assur. Corp., 348 U.S. 66, 77, 75 S.Ct. 166, 99 L.Ed. 74.

property, lives or interests in Mississippi were deemed made in that state; another stated that the Mississippi statutory periods of limitations of actions could not be altered by private agreements. The Mississippi court, applying these statutes, struck down the aforementioned contractual condition and allowed recovery on the contract despite the plaintiff's failure to make claim within the fifteen-month period. The Supreme Court reversed in a unanimous decision.

The following language from the Supreme Court's opinion sets forth precisely the principles we must follow and the decision we must make in the present case:

"It is urged, however, that in this case the interest insured was in Mississippi when the obligation to indemnify the appellee matured, and it was appellant's duty to make payment there; and these facts justify the state in enlarging the appellant's obligation beyond that stipulated in the bond, to accord with local public policy. The liability was for the payment of money only, and was conditioned upon three events,—loss under the policy, notice to the appellant at its home office, and presentation of claim within fifteen months of the termination of the suretyship. All of these conditions were of substantial importance, all were lawful in Tennessee, and all go to the obligation of the contract. It is true the bond contemplated that the employee whose faithfulness was guaranteed might be in any state. He was in fact in Mississippi at the date of loss, as were both obligor and obligee. The contract being a Tennessee contract and lawful in that state, could Mississippi, without deprivation of due process, enlarge the appellant's obligations by reason of the state's alleged interest in the transaction? We think not. Conceding that ordinarily a state may prohibit performance within its borders even of a contract validly made elsewhere, if the performance would violate its laws (Home Insurance Co. v. Dick, supra, page 408 of 281 U.S., 50 S.Ct. 338, 74 L.Ed. 926 * * *), it may not on grounds of policy ignore a right which has lawfully vested elsewhere if, as here, the interest of the forum has but slight connection with the substance of the contract obligations. Here performance at most involved only the casual payment of money in Mississippi. In such a case the question ought to be regarded as a domestic one to be settled by the law of the state where the contract was made. A legislative policy which attempts to draw to the state of the forum control over the obligations of contracts elsewhere validly consummated and to convert them for all purposes into contracts of the forum, regardless of the relative importance of the interests of the forum as contrasted with those created at the place of the contract, conflicts with the guaranties of the Fourteenth Amendment. Aetna Life Ins. Co. v. Dunken, supra; Home Insurance Co. v. Dick, supra, [266 U.S. 389, 45 S.Ct. 129, 69 L.Ed. 342]. Cases may occur in which enforcement of a contract as made outside a state may be so repugnant to its vital interests as to justify enforcement in a different manner. Compare Bond v. Hume, 243 U.S. 15, 22, 37 S.Ct. 366, 61 L.Ed. 565. But clearly this is not such a case." 292 U.S. at pages 149, 150, 54 S.Ct. at pages 634, 636.

In accordance with the foregoing, we hold that the provision in the subject insurance policy which limits the time in which suit can be brought is a substantial property right which is protected by the Fourteenth Amendment to the Constitution, and under the circumstances of this case a violation of due process would result from the application of Florida Statute 95.03, F.S.A., to this provision.

As the Supreme Court observed in the Delta & Pine Land case, our conclusion

that it would violate due process renders unnecessary a consideration of whether it would violate the full faith and credit or the contract clauses of the federal constitution, art. 4, § 1. Extensive research, however, among the decisions of the Supreme Court and the lower federal and state courts relating to control of interstate relations by the due process and full faith and credit clauses discloses that the Dick and Delta & Pine Land decisions have been cited many times and have never been called into question or limited by later decisions of the Supreme Court. See, e. g., Watson v. Employers Liability Assur. Corp., 348 U.S. 66, 71, 76–78, 75 S.Ct. 166, 99 L.Ed. 74; Lauritzen v. Larsen, 345 U.S. 571, 590, 591, 73 S.Ct. 921, 97 L.Ed. 1254; Order of United Commercial Travelers of America v. Wolfe, 331 U.S. 586, 608, 628, 67 S.Ct. 1355, 91 L.Ed. 1687; Pink v. A.A.A. Highway Express, 314 U.S. 201, 211, 62 S.Ct. 241, 86 L.Ed. 152; cf. Hanson v. Denckla, 357 U.S. 235, 254, 78 S.Ct. 1228, 2 L.Ed.2d 1283; Hoopeston Canning Co. v. Cullen, 318 U.S. 313, 63 S.Ct. 602, 87 L.Ed. 777.

 The cited cases form part of a larger body of law which has as a basic premise the principle that only where a state has significant interests involved may it impair property rights created in other states. See, e. g., Pink v. A.A.A. Highway Express, 314 U.S. 201, 209–211, 62 S.Ct. 241, 86 L.Ed. 152. A secondary principle which is also of significance here is that even though the affected interests of the state may be substantial enough to justify its refusal to give affirmative help in enforcing a foreign contract which it finds obnoxious, these interests may, on the other hand, be insufficient to justify the state's rewriting of the contract, enlarging the obligation of the makers and enforcing it in a manner contrary to their undertaking. Watson v. Employers Liability Assur. Corp., 348 U.S. 66, 76, 75 S.Ct. 166, 99 L.Ed. 74 (concurring opinion); Hartford Accident & Indemnity Có. v. Delta & Pine Land Co., 292 U.S. 143, 149, 150, 54 S. Ct. 634, 78 L.Ed. 1178; Home Insurance Co. v. Dick, 281 U.S. 397, 408–410, 50

S.Ct. 338, 74 L.Ed. 926; see also Holderness v. Hamilton Fire Ins. Co. of New York, D.C.S.D.Fla., 54 F.Supp. 145.

Following the principles set out above, we hold that the district court erred in failing to sustain the appellant's defense to this suit.

The judgment of the district court is reversed and the case is remanded for entry of judgment in favor of the appellant.

RIVES, Circuit Judge (dissenting).

The Legislature of the State of Florida has enacted that, "All provisions and stipulations contained in any contract whatever * * * fixing the period of time in which suits may be instituted under any such contract * * *, at a period of time less than that provided by the statute of limitations of this state, are hereby declared to be contrary to the public policy of this state, and to be illegal and void. No court in this state shall give effect to any provision or stipulation of the character mentioned in this section." F.S.A. § 95.03. The language of that statute seems to me to leave no room for construction; it applies to "any contract whatever."

No one has attacked the validity of that statute as applied to contracts made in Florida, or can reasonably do so. Stipulations shortening the period of limitation result in the same evils and abuses whether entered into in the State of Florida or outside that State. I cannot agree that the Florida Legislature, or the courts of that State, must accord to such a stipulation contained in an ambulatory contract of insurance held by a Florida resident, but entered into in Illinois, any greater sanctity than they would accord to such a stipulation made in Florida. I think that the Florida Legislature can protect residents of that State against the application in Florida courts of stipulations shortening the period of limitation in contracts performed in Florida regardless of the place where the contracts are executed. I therefore respectfully dissent.

Rehearings denied; RIVES, Circuit Judge, dissenting.