**Annette C. GESSLER, Appellant,**

v.

**Nina Ross GESSLER, as Administratrix of the Estate of John M. Gessler, Deceased, Appellee.**

**No. 17695.**

United States Court of Appeals
Fifth Circuit.

Dec. 17, 1959.

Edward I. Cutler, Tampa, Fla., for appellant.

David C. G. Kerr, Chester H. Ferguson, of Macfarlane, Ferguson, Allison & Kelly Tampa, Fla., for appellee.

Before HUTCHESON, TUTTLE and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

The question for decision is the enforceability in Florida, as against the creditors of an insolvent estate, of a Pennsylvania separation agreement providing for the support of a decedent's minor children.

On June 11, 1956, the plaintiff-appellant, Mrs. Annette Gessler, and John Gessler, her husband, entered into a written separation and support agreement under seal, "this agreement [to] be binding upon the parties hereto, and their respective heirs, executors and administrators". The agreement required Gessler to pay to his wife specific monthly amounts for the support of his minor children.[1] It provided that it "shall be governed by and be construed in accordance with the laws of the Commonwealth of Pennsylvania". The substance of the agreement was embodied in a stipulation, and later in an order of court of the Court of Quarter Sessions of Montgomery County, Pennsylvania.[2] Mrs. Gessler had previously filed in that court an action for the custody and support of the children.

[1]. The agreement provided: "Beginning with the month of June, 1956, 'John' shall pay to 'Annette' the sum of $300.00 per month for the support of the children, said payment to be due and payable on the first day of each month, provided only, however, that during the months of July and August of each year, when the children are in custody of 'John', the payment to 'Annette' for the support of the children shall be reduced to $100.00 per month. After the month in which Gretchen Gessler reaches the age of 21 years, or the month in which Gretchen Gessler dies, whichever first occurs, the obligation to pay $150.00 of the said $300.00, and the obligation to pay $50.00 of the said $100.00, shall cease. After the month in which John M. Gess-

ler, Jr. reaches the age of 21 years, or the month in which John M. Gessler, Jr. dies, whichever first occurs, the obligation to pay $150.00 of the said $300.00, and the obligation to pay $50.00 of the said $100.00, shall cease."

[2]. Under the terms of the agreement the parties released various proprietary interests, including the interests each had in the estate of the other. Annette Gessler agreed to discontinue prosecution of certain proceedings then pending: an appeal from a divorce decree, granted John Gessler by the court in Hillsborough County, Florida; attachment proceedings against Gessler's property in Pennsylvania; custody and support proceedings in Pennsylvania.

Gessler died intestate June 18, 1957 domiciled in Florida. The estate was insolvent. No payments for support of the children were made after June 1, 1957. Accordingly, Mrs. Annette Gessler filed a claim against the estate in the probate court of Hillsborough County, Florida on behalf of her minor children. The administratrix, Nina Ross Gessler, denied liability. Mrs. Annette Gessler then filed suit against the administratrix in the district court for the Southern District of Florida, asking that the defendant be required to perform the decedent's agreement. She asked for a judgment in the amount of $41,400 on the assumption that the failure to pay the monthly payments when due matured the entire obligation.

The defendant moved to dismiss, on the ground that enforcement of the agreement would permit children who are heirs to secure a preference, under the guise of support, over creditors of an insolvent estate, contrary to the public policy, statutes, and decisions of Florida. The district court sustained the motion to dismiss and entered judgment for the administratrix. Mrs. Gessler appeals on behalf of her minor children. We reverse.

The contract was "made and concluded at Philadelphia, Pennsylvania", for the support of minor children domiciled in Pennsylvania, payment to be made to the children's mother, a resident of Pennsylvania. Under ordinary rules of conflicts of law, Pennsylvania law controls as to the validity[3] and performance of the contract.[4] In addition, the parties agreed that the contract "would be governed by and be construed in accordance with the laws of the Commonwealth of Pennsylvania". The parties' connection with Pennsylvania was so substantial and Pennsylvania's interest in the support of resident children so great, that we consider that the Gesslers clearly were entitled to select Pennsylvania law for their contract and to have it enforced in a Florida forum[5], unless there is a strong public policy in Florida against the enforcement of such contracts.[6]

Under Pennsylvania law the contract is valid and is enforceable against the father's estate. In re Fessman's Estate, 1956, 386 Pa. 447, 126 A.2d 676; Huffman v. Huffman, 1933, 311 Pa. 123, 166 A. 570.

It would be something of a shock to this Court if we should discover that it is against the public policy of Florida to enforce the Gessler agreement. As we pointed out in Sun Insurance Office Limited v. Clay, 5 Cir., 1959, 265 F.2d 522, 525:

"The following representative decisions demonstrate the Florida courts' tendency, based on their interpretation of the requirements of due process and their recognition of the general common law rules of comity, to refrain from attempting to apply Florida statutes or their own notions of public policy to foreign contracts which are valid where entered into: Connor v. Elliott, supra [79 Fla. 513, 85 So. 164]; Sovereign Camp, Woodmen of the World v. Mixon, 79 Fla. 420, 84 So. 171; Equitable Life Assur. Soc. of United States of America v. McRee, 75 Fla. 257, 78 So. 22; American Fire Ins. Co. v. King Lumber & Mfg. Co., 74 Fla. 130, 77 So. 168, affirmed 250 U.S. 2, 39 S.Ct. 431, 63 L.Ed. 810."

3. See Restatement, Conflict of Laws, Sec. 332; Leflar, Conflict of Laws (1959) Sec. 123 et seq.; Stumberg, Conflict of Laws (1951) 228; 2 Beale, Conflict of Laws (1935), Sec. 332.4; Beale, What Law Governs the Validity of a Contract, 23 Harv.L.Rev. (1910) 260.

4. See Leflar, Conflict of Laws (1959) Secs. 123, 129; Stumberg, Conflict of Laws (1951) 232, 263; 2 Beale, Conflict of Laws (1935) Sec. 323.3.

5. See Leflar, Conflict of Laws (1959) Sec. 123; Stumberg, Conflict of Laws (1951) 234; 2 Beale, Conflict of Laws (1935) Sec. 332.2; Cook, Contracts on the Conflict of Laws; · Intention of the Parties, 32 Ill.L.Rev. (1932) 899, 34 Ill. L.Rev. (1939) 423.

6. Clark v. Gibbs, 5 Cir., 1934, 69 F.2d 364; Palmer v. Chamberlain, 5 Cir., 1951, 191 F.2d 532, 27 A.L.R.2d 416.

The precise question before us was before the Florida courts in the recent case of Simpson v. Simpson, Fla.App. 1959, 108 So.2d 632, 635. In that case a separation agreement required the father to pay $125 a month for the support of each child until the child reached eighteen years of age. The District Court of Appeal, citing the Pennsylvania case of Huffman v. Huffman among other cases, held that "the agreement provision for the child's support embodied in the final decree of divorce remained vital and effective so as to survive the death of the father as a contractual liability against his estate". The Court said:

> "The courts are ever solicitous of the welfare of the child. The need of a child for food and shelter and other exigencies of life does not end with the death of the father. Since a father by contract can create a continuing debt in favor of strangers which would constitute a claim against his estate, then why could he not similarly create such a continuing debt in favor of his children? This court cannot conclude that it is consonant with justice and reason that a properly covenanted obligation on the part of the father to assume responsibility for support payments for his child through a given period of time should be held invalid at his death."

The administratrix argues that Simpson v. Simpson is a decision of a lower appellate court and is contrary to two decisions of the Florida Supreme Court, Guinta v. Lo Re, 1947, 159 Fla. 448, 31 So.2d 704 and Flagler v. Flagler, Fla.1957, 94 So.2d 592. These decisions are referred to in the opinion in Simpson and, to our mind, properly distinguished; there was no support agreement in either case. In the common law, unlike the civil law, a father is under no legal responsibility to provide for his minor children after his death. And Florida, along with a number of states, takes the view that an order directing a father to pay for the support of his children has not such finality or viability as to survive the father's death. In Guinta v. Lo Re and Flagler v. Flagler the children could claim only as heirs. To recognize their claim for support would have been tantamount to disrupting the statutory order of succession and the legislative scheme governing the priorities of creditors.

Here, however, as in Simpson v. Simpson, the children do not claim as heirs. They claim as creditors or third-party beneficiaries under a binding contract. The decedent's children claiming under a valid contract are no less creditors of their father's estate than a creditor who is not a child of the decedent.

The facts here are analogous to the facts in Johnson v. Every, Fla.1957, 93 So.2d 390. In that case there was a divorce and a property settlement agreement requiring the husband to make weekly payments to the wife to be terminated only by her death or remarriage. The court held that the husband's estate was liable for the payments in accordance with the separation agreement. Similarly, a promissory note given for alimony and adjustment of property rights between husband and wife is enforceable against the husband's estate. Fields v. Fields, 1939, 140 Fla. 269, 191 So. 512. In both these cases whatever right the wife has as a wife is immaterial, just as here it is immaterial that the claimants are children. We find nothing in Florida law that penalizes a creditor because the claimant is also the wife or child of a decedent.

We base our decision on the contract between the parties. There is nothing in the contract to indicate that failure to make one monthly payment matures the entire obligation. We hold, therefore, that the Gessler children are entitled to a judgment for the payments now due, on a ratable basis with other judgment creditors, and that their claim for future payments must be recognized by the administratrix on the same basis as other creditors similarly situated.

The judgment below is reversed and remanded for proceedings not inconsistent with this opinion.