144 So.2d 95 (1962)
Frederick SCHLUTER, Sr., Appellant,
v.
NATIONAL UNION FIRE INSURANCE COMPANY of Pittsburgh, Pennsylvania, a Pennsylvania Corporation, and Atlantic Mutual Insurance Company, a New York Corporation, Appellees.
No. 2226.
District Court of Appeal of Florida. Second District.
September 5, 1962.
John M. Callaway and Beall & Beall, West Palm Beach, for appellant.
L. Martin Flanagan of Jones, Adams, Paine & Foster, West Palm Beach, for appellees.
SHANNON, Chief Judge.
Plaintiff-appellant seeks review of a final summary judgment in favor of the defendant below, in an action on a contract of insurance.
The plaintiff, a resident of New Jersey, was the owner of a 53 foot cabin cruiser on which policies of insurance were issued by the defendant companies. By the terms of the policies, the plaintiff was protected against certain liabilities and expenses which might arise from the operation of the vessel. The terms of the policies confined their protection to the use and navigation of the boat in the inland and Atlantic *96 coastwise waters of the United States between Eastport, Maine, and Cedar Keys, Florida. The policies also provided that no suit for the recovery of any claim under the policies should be maintained in any court unless commenced within 12 months after accrual of the cause of action.
On April 11, 1958, plaintiff's vessel was, to quote the complaint, "proceeding on the Atlantic coastwise waters, bound from Fort Lauderdale, Florida, northwards and, while off the shore of Palm Beach County, Florida, said vessel was, by the perils of the sea, damaged. * * *" By affidavit, the ship's captain stated that the vessel "proceeded from the Bahia Mar at Fort Lauderdale, went through the channel and went off shore a little distance to get the benefit of the Gulf Stream going north to West Palm Beach," when the damage occurred.
On March 25, 1960, or some one year and eleven months after the accident, plaintiff filed suit against both the insurance companies, under the policies, to recover for damages sustained when the vessel took on water in the area described above. Each of the defendants filed motions to dismiss the complaint asserting that it failed to state a cause of action. The motions were granted with leave to amend and it was also ordered that the cause of action be severed and brought in separate actions.
The complaint was amended so as to proceed against the defendant-appellee, National Union. The latter answered denying the essential allegations of the complaint and setting up affirmatively that the alleged damages to plaintiff's vessel were caused by the negligence of plaintiff and his employees. Defendant National Union then moved for summary judgment and the motion was granted, the trial court stating:
"The court has now studied the decision of the Supreme Court of the United States in Clay v. Sun Insurance, 363 U.S. 207, 4 L.Ed.2d 1170, 80 S.Ct. 122 (1960), and holds, as did the Circuit Court of Appeals, Fifth Circuit, that the Florida Statute of Limitations has no application to the insurance contract in question. See Equitable, Etc., v. McRee, 75 Fla. 257, 78 So. 22. Thereupon,
"IT IS ORDERED and ADJUDGED that the motion for summary judgment is granted; that plaintiff take nothing by his complaint and defendant go hence without day, with court costs taxed against the plaintiff."
The plaintiff poses four points for our consideration in this appeal, but in view of the fact that summary judgment was based on the finding that the Florida Statute of Limitations has no application to the contract of insurance involved, our decision will be limited to that question.
Sec. 95.11(3), Fla. Stat., F.S.A., provides that an action on any contract not under seal can only be commenced within five years.
Sec. 95.03, Fla. Stat., F.S.A., provides that "[a]ll provisions and stipulations contained in any contract whatever * * * fixing the period of time in which suits may be instituted under any such contract, or upon any matter growing out of the provisions of any such contract, at a period of time less than that provided by the statute of limitations of this state, are hereby declared to be contrary to the public policy of this state, and to be illegal and void. No court in this state shall give effect to any provision or stipulation of the character mentioned in this section."
For his specific finding that the Florida limitation statute has no application in the instant case, the trial court relied on the case of Clay v. Sun Insurance Office, Limited, 1960, 363 U.S. 207, 80 S.Ct. 1222, 4 L.Ed.2d 1170. In that case plaintiff, an Illinois resident, purchased an insurance policy providing world-wide coverage against all risks of loss or damage to the property covered from a British company licensed to do business in Illinois, Florida and other states. Later, plaintiff moved to Florida and brought suit on the policy in the federal district court, on diversity of *97 citizenship, to recover losses sustained in Florida. The district court entered judgment on verdict for plaintiff and denied defendant's motion for judgment non obstante veredicto. The Court of Appeals reversed, holding that Florida could not apply its statute of limitation to the policy made in Illinois which contained the one-year suit clause (5 Cir., 265 F.2d 522.). The United States Supreme Court, on certiorari, vacated the judgment of the Court of Appeals holding that other issues presented below, one of which was whether, under Florida law, Sec. 95.03, Fla. Stat., F.S.A., is applicable to the contract of insurance in question, should have been settled before the constitutional question was reached. On the question whether or not Florida could apply Sec. 95.03 to the Illinois-made contract consistently with the requirements of due process, the Supreme Court did not rule but directed the Court of Appeals to certify the question to the Supreme Court of Florida stating that the state court's determination on the question is controlling.
The question was certified to the Florida Supreme Court and in Sun Insurance Office, Limited v. Clay, Fla. 1961, 133 So.2d 735, an opinion was rendered in which the court held that Sec. 95.03 Fla. Stat., F.S.A., applies to any contract, foreign or domestic, when Florida's contact therewith, existing at the time of its execution or occurring thereafter, is sufficient to give a Florida court jurisdiction of a suit thereon. This case is clearly controlling in the instant appeal because Florida's contact with the policy in the Clay case was by virtue of the fact that the loss occurred in Florida regardless of where the contract was entered into. In the instant case, the loss occurred in the area specifically covered by the policy. The defendant-appellee insurance company is licensed to do business in Florida. The loss in the off-shore Atlantic coastwise waters of Florida therefore vests in the Florida court jurisdiction to entertain suit on the policy of insurance.
It is noted here that the judgment herein was rendered prior to the Florida Supreme Court's decision in Sun Insurance Office Limited v. Clay, supra, so that the trial judge did not have the benefit of that opinion.
Reversed.
ALLEN and WHITE, JJ., concur.