**SUN INSURANCE OFFICE, LIMITED,**
Appellant,

v.

**John CLAY, Appellee.**

No. 17525.

United States Court of Appeals
Fifth Circuit.

June 19, 1963.

Bert Cotton, New York City, for appellant.

Paschal C. Reese, West Palm Beach, Fla., Henry Carter Carnegie, Palm Beach, Fla., for appellee.

Before JONES and BELL, Circuit Judges, and ESTES, District Judge.

JONES, Circuit Judge.

By this opinion this Court writes another chapter, perhaps not the final one, in this litigation which commenced more than six years ago and has commanded the attention of four courts.

The appellee, John Clay, procured a personal property floater policy of insurance from the appellant, Sun Insurance Office, Limited. The policy was issued in 1952 in Illinois where Clay was then living. Clay moved to Florida. The policy contained a suit clause which provided that no action could be maintained unless commenced within twelve months after the discovery of the loss, with a proviso that if the limitation was invalid under the law of the state in which the policy was issued, then suit must be brought within the shortest time permitted by the law of that state. The suit clause was valid in Illinois. A Florida statute declared such provision contrary to the public policy of the state and to be illegal and void, and directed that no court in the state should give effect to any such contract provision. In the winter of 1954–1955 property of Clay, covered by the policy, was deliberately destroyed by Clay's wife. The loss was reported to Sun on February 1, 1955, and it denied liability on April 1, 1955.

On May 20, 1957, Clay brought an action on the policy against Sun in the District Court for the Southern District of Florida, basing jurisdiction on diversity of citizenship. Sun asserted two defenses, that the action was not brought within the time limited by the suit clause, and that the policy did not cover losses willfully caused by the spouse of the insured. The district court entered judgment for Clay on a jury verdict for $6,800. On appeal, this Court declined "to make the difficult guess as to what the Florida state courts might decide if they were presented with" the issue as to whether the Florida statute applies to a contract such as was before it. This Court held that constitutional due process requirements precluded Florida from applying its statute to the contract made in Illinois. Sun Insurance Office, Limited v. Clay, 5th Cir., 1959, 265 F.2d 522. Reliance was placed by this Court, in reaching its decision, upon Home Insurance Co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926, 74 A.L.R. 701, and Hartford Accident & Indemnity Co. v. Delta & Pine Land Co., 292 U.S. 143, 54 S.Ct. 634, 78 L.Ed. 1178, 92 A.L.R. 928.

The Supreme Court reversed this Court's decision. Clay v. Sun Insurance Office, Limited, 363 U.S. 207, 80 S.Ct. 1222, 4 L.Ed.2d 1170. The Supreme Court concluded that the Dick and Delta & Pine cases were not conclusive on the constitutional issue. Therefore, said the Court, a decision should have been first made as to whether, under Florida law, the Florida statute is applicable and whether the losses resulting from the wife's conduct were within the policy coverage, since the disposition of one or both of these questions might avoid the constitutional question. The Supreme Court, in closing its opinion, commented upon the observation of this Court as to the difficulties of making "a confident guess" as to how the Florida Supreme Court would construe the Florida statute. Following that comment and in concluding its opinion, the Supreme Court said:

"The Florida Legislature, with rare foresight, has dealt with the problem of authoritatively determining unresolved state law involved in federal litigation by a statute which permits a federal court to certify such a doubtful question of state law to the Supreme Court of Florida for its decision. Fla.Stat.Ann., 1957, § 25.031. Even without such a facilitating statute we have frequently deemed it appropriate, where a federal constitutional question might be mooted thereby, to secure an authoritative state court's determination of an unresolved question

of its local law. See Allegheny County v. Mashuda Co., 360 U.S. 185, 189 [79 S.Ct. 1060, 3 L.Ed.2d 1163], and cases cited; see also Meredith v. Winter Haven, 320 U.S. 228, 336 [64 S.Ct. 7, 88 L.Ed. 9]." 363 U.S. 207, 212, 80 S.Ct. 1222, 1226, 4 L.Ed.2d 1170.

On August 12, 1960, this Court, "pursuant to the opinion and mandate [1] of the Supreme Court," certified the two questions [2] to the Supreme Court of Florida. On March 1, 1961, the Supreme Court of Florida adopted a rule relating to Certified Questions from Federal Courts. In re Florida Appellate Rules, Fla., 127 So. 2d 444. On October 18, 1961, the Supreme Court of Florida rendered an opinion. Sun Insurance Office, Limited v. Clay, Fla., 133 So.2d 735.

▇ We have a doubt as to the effect to be given to the recital in the Supreme Court's Clay-Sun Insurance Office opinion that the Florida Legislature "has dealt with the problem of authoritatively determining unresolved state law involved in federal litigation." The citation to Allegheny County v. Mashuda Co., 360 U.S. 185, 189, 79 S.Ct. 1060, 3 L.Ed. 2d 1163, would permit an inference that a use of the Florida certification statute was an invocation of abstention or the equivalent of it. But abstention, as we understand the doctrine, is a remitting of the parties in a pending federal court action to a state court for a decision of a question of state law with a determination of the other issues by the federal court; or, upon the election of the party remitted to the state court, for a complete and final adjudication by that court of the entire controversy. National Association for the Advancement of Colored People v. Button, 371 U.S. 415, 427, 83 S.Ct. 328, 9 L.Ed.2d 405.

▇ We do not think the Supreme Court intended, by the recital to which we have referred, to treat the opinion of the Florida court as constituting a binding determination which became the law of the case and res judicata such as would, we believe, have been true if the parties had been remitted to the state court and it had made an adjudication in litigation inter parties during a federal court abstention. The Florida certification statute does not require nor, we think, does it contemplate that the parties in the federal litigation shall submit themselves to the jurisdiction of the state court. The rule of the Florida Supreme Court purports to require briefs and permits oral argument. The power of the federal court to make a determination of the litigable issues between the parties to the pending cause was neither transferred to nor shared with the state court. The Supreme Court of Florida has, it seems, original jurisdiction only in the issuance of extraordinary writs. Fla.Const. Art. V, Sec. 4(2), F.S.A.; City of Dunedin v. Bense, Fla., 90 So.2d 300.

▇ We need not determine whether the opinion of the Florida Supreme

1. It is ordered and adjudged by this Court that the judgment of the said United States Court of Appeals, in this cause be, and the same is hereby, remanded to the United States Court of Appeals for the Fifth Circuit for proceedings in conformity with the opinion of this Court.

2. (1) Are the provisions of Sections 95.03 and 95.11(3), Florida Statutes, F.S.A., making void any provisions of an insurance contract requiring suit on the contract to be filed in a period shorter than five years applicable to [the policy here in suit under the facts here presented]?

(2) Does an all-risks policy of insurance containing the following provision,

"The Company will also pay the actual loss of or damage (except by fire) to property of the Assured not specifically excluded by this Policy caused by theft or attempt thereat; or by vandalism or malicious mischief to the interior of the residences of the Assured;

* * * cover losses resulting from acts of vandalism and from theft committed by the wife of the assured, hostile to him and without his consent, when the property damaged and taken was in the common residence of the assured and his wife?

Court, given in answer to the questions certified to it by this Court, is merely advisory and entitled, like dicta, to be given persuasive but not binding effect as a precedent,[3] or is to be credited under Erie-Tompkins[4] doctrine and the rule of stare decisis as though it were the ratio decidendi of a decision made in adversary litigation before the court. A Florida District Court of Appeal has followed[5] the opinion of the Supreme Court of Florida. This Court, being "in effect, only another court of the State"[6] in a diversity action, is required to follow the opinion in its statements as to Florida law. As to the law of the United States, and particularly with respect to constitutional issues, the Florida court's views are without binding effect.

After a recital of the rule that insurance contracts are to be liberally construed in favor of the insured, the Florida court stated that the husband was covered against the willful destruction of property by his wife. The parties, on oral argument, have conceded that this is a correct statement of the law of Florida. We accept it as such.

We find the Florida court's pronouncements on the other submitted question more troublesome. In rendering an answer to the question as to whether the Florida statute is applicable to the suit clause of the policy under the facts recited, the Florida court, at the outset, expressed agreement with the contention of the insurer that it would be absurd to impute to the Florida Legislature any intention of asserting an interest in a contract executed in another state by residents of other states involving property in another state. Thus, it seems to have

been recognized that there might be circumstances under which Florida courts would give effect to a suit clause in an insurance contract. But, said the Florida court, it is clear "that the Legislature intended the act to apply to 'any contract whatever'—foreign or domestic —when Florida's contact therewith, existing at the time of its execution or occurring thereafter, is sufficient to give a court of this state jurisdiction of a suit thereon." 133 So.2d 735, 738. The Florida court concluded that Florida's contact with the contract and the parties was sufficient to give a Florida court jurisdiction of a suit thereon. "Accordingly", said the Florida court, "the first question certified to this court, supra, must be answered in the affirmative."

■ If, as the Florida court says, the application of the statute to invalidate the suit clause depends upon whether the Florida court would have jurisdiction of a suit on the policy, then of course the affirmative answer was required. It is a general principle that an action on an insurance policy seeking a money judgment is a transitory action which may be brought wherever service of process can be had on the defendant. Confederation of Canada Life Insurance Company v. Vega Y Arminan, Fla.App., 135 So.2d 867, cert. den. Fla., 144 So.2d 805. If, as the Florida court has intimated, the ability to serve the insurance company with process is the Florida test for determining whether the law of the forum will be applied in ascertaining the enforceability of policy clauses which are valid where the contract is made, a novel doctrine has been announced. We do not think it was intended by the Florida court to make

3. Lee v. Dowda, 155 Fla. 68, 19 So.2d 570; Myers v. Atlantic Coast Line Railroad Co., Fla., 112 So.2d 263; State v. Florida State Improvement Commission, Fla., 60 So.2d 747; Pell v. State, 97 Fla. 650, 112 So. 110.

4. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

5. Schluter v. National Union Fire Insurance Co., Fla.App., 144 So.2d 95.

6. Guaranty Trust Co. of N. Y. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231; King v. United Commercial Travelers, 333 U.S. 153, 68 S. Ct. 488, 92 L.Ed. 608, reh. den. 333 U.S. 878, 68 S.Ct. 900, 92 L.Ed. 1153, Cf. Comment, Robertson, Inter-Sovereign Certification as an Answer to the Abstention Problem, 21 La.L.R. 777; Nieto, The Abstention Doctrine, 40 Denver L.C.J. 45.

**510**

the application of the statute in a given case dependent upon jurisdiction of the court over the parties and the subject matter in an action on the policy. It is difficult to see how the statute could be applied and an effective judgment rendered if there were no jurisdiction of the parties and subject matter.[7] Rather than attribute to the Florida court a literal meaning to the language it used, we think it intended to do no more than to declare that if the State of Florida had such significant contacts with the factual phases of the litigation as to give it a paramount interest in the control of the governing legal rules, then its invalidating statute would be applied. If the surmise which we have made, and we must make one, as to the meaning of the Florida court's statement of Florida law is a correct one, then it must be apparent that the court was persuaded of the existence of the required significant contacts in this case.

It seems improbable that a question would be certified to the Florida Supreme Court unless, at the time the question was certified, the federal court intended to accept the answer as "authoritatively determining" the law of the state. But if the statement of a rule of Florida law so made is based upon an erroneous concept of a principle of constitutional law, then we think we are required to examine its opinion in the light of constitutional doctrines as they are understood by us.

The Florida Supreme Court, in its Clay opinion, stated that it was not "concerned, of course, with the constitutionality vel non of [the Florida statute] as applied to so-called foreign contracts, including the subject contract," since the question was not before it. The reason given by the Florida court for the answer returned is that significant contacts of Florida with the policy of insurance and the cause of action upon it had been shown and therefore the statute would be applied to invalidate the policy provision.

In other words, it seems to us that the Florida court has said that because of the contacts, which it found to be significant, there is no due process requirement of permitting a defense under the suit clause of the insurance contract.

We are unable to separate the significant contact test from the constitutional due process question. The question of due process is a federal question. Whatever else might be said about an opinion of the Florida Supreme Court in response to a certified question from this Court, it seems certain that its conclusion as to a Federal constitutional question or its premise from which it reaches such conclusion is not binding upon us as the law of the case, res judicata, stare decisis, or otherwise. We are of the view that we can and must decide whether there are here the significant contacts upon which the application of the Florida statute depends. This we think we must do uncontrolled by the Florida court's opinion and uninfluenced by what it has said except as we are persuaded by such logic as is to be found in its reasoning and the weight of any precedents which may support it.

Prior to this case there had been two decisions where the effect of the Florida statute had been considered. One of these, by the Supreme Court of Florida, held that the delivery of an insurance certificate in Florida made the contract subject to Florida law, including the statute making void contract clauses reducing the statutory limitation for bringing suits. Sovereign Camp, Woodmen of the World, v. Mixon, 79 Fla. 420, 84 So. 171. The inference can be urged that had the certificate been issued in a state where there was no invalidating statute, the suit clause could have been successfully interposed as a defense. The other case was decided by the United States District Court for the Southern District of Florida. Holderness v. Hamilton Fire Ins. Co., 54 F.Supp. 145. It was there held that the Florida statute

7. But see Schluter v. National Union Fire Insurance Co., supra, where jurisdiction was said to be the test of the applicability of the statute.

could not be asserted to bar a suit clause defense in an action on a fire policy issued in North Carolina upon a building in North Carolina where the clause was valid. The law of Florida, as declared in these two cases, has been thus stated:

"Stipulations in an insurance policy shortening the period within which suits must be instituted under it to a period less than that provided by the statute of limitations are illegal and void under the statutes of this state. This rule applies to contracts made outside the state, if delivery of the policy is made in the state by a local agent so as to make the contract subject to Florida law. But there is an important qualification. If the stipulation limiting the period during which action may be brought under a policy is valid by the law of the state where the contract was executed and is to be performed, that stipulation will be recognized in Florida as a defense, though the court will not affirmatively enforce performance in such cases." 18 Fla.Jur. 300, Insurance § 406.

Subsequent to the opinion of the Florida Supreme Court in the Clay matter and to the opinion of the Florida District Court of Appeal in the Schluter case, another Florida Court of Appeal decision was rendered. It did not involve the particular Florida statute which is here before us, but consideration was given to the Florida law with respect to contractually created defenses to actions which are or may be invalid under the law of the forum. The "significant contacts" rule was recognized and applied. The court said:

"When a suit is brought on a contract in a jurisdiction other than the one which governs the rights and obligations thereunder, a defense lawfully vested under the law of the latter jurisdiction may not be ignored by the forum if that state had no significant connection with the contract obligations. Rejection of such rights under the contract, asserted as a defense, is a deprivation of due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States and Section 12 of the Declaration of Rights of Florida." Confederation Life Association v. Ugalde, Fla.App., 151 So.2d 315, 318.

The court, in the Ugalde case, gave approval to the Holderness decision and to the former opinion of this Court in Sun Insurance Office v. Clay. The court also cited with approval the Dick case and the Delta & Pine case upon which this Court relied in its former opinion in this case.

The presence or absence of the significant contacts is, we think, the determinant of constitutional due process. Watson v. Employers Liability Corporation, 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74. In its former opinion, as has been earlier noted, this Court was guided by the principles stated in the Dick case and in the Delta & Pine case, supra. Our further consideration of the constitutional issue has left us convinced that the reasoning of the former opinion of this Court is sound. It is our view that the decision previously made was correct and that we should adhere to it. The doctrine of the Dick and Delta & Pine cases which was set forth in this Court's former opinion and there regarded as controlling is still believed by us to be the governing principle upon which the case should be decided. We cannot find that the rule of these precedents has been overruled or modified. The Supreme Court has referred to them in terms of approval. United Commercial Travelers v. Wolfe, 331 U.S. 586, 67 S.Ct. 1355, 91 L.Ed. 1687, 173 A.L.R. 1107. It is urged that Watson v. Employers Liability Assurance Corporation, 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74, requires a different conclusion. We are not so persuaded.

The Watson opinion, commenting on the Delta & Pine case, noted that the activities of Mississippi, the state of the forum, in connection with the policy were so slight and so casual that Mississippi could not apply its own law in such a

way as to enlarge the obligations of a contract validly created under the law of another state. In the Delta & Pine case a Connecticut insurance company had entered into a fidelity bond in Tennessee insuring a Tennessee corporation against loss resulting from dishonesty of employees. A condition of the contract required all claims to be filed within fifteen months from the termination of the contract. A Mississippi statute provided that statutes of limitation could not be altered by private agreement. An employee of the insured corporation defaulted. No claim was made within the fifteen-month period. The Mississippi court held the contract provision invalid and allowed recovery. The Supreme Court, by a unanimous decision, reversed. The local contacts of Florida, in the case before us, are certainly no more, and in our view are less, than in the Delta & Pine case. We are, we believe, required to follow it.

In the Ugalde case, supra, the policy was issued by a Canadian insurance company in Cuba to a Cuban resident who came to the State of Florida and there demanded payment of the cash surrender value of the policy in United States dollars in accordance with the terms of the policy. It was held that there were no such significant Florida contacts as prevented the Florida courts from applying a Cuban law which required payment in Cuban currency. This Court has held that the law of Illinois controlled in an action on a life insurance policy issued in Illinois on which a diversity suit was brought in Florida after the removal to and death of the insured in Florida. Mutual Life Insurance Co. of New York v. Hess, 5th Cir., 1947, 161 F.2d 1; In re Mutual Life Insurance Co. of New York, 5th Cir., 1951, 188 F.2d 424. In the earlier decision of this Court in this cause it was held that the State of Florida did not have sufficient contacts to deprive the insurer of its defense under the suit clause. 5 Cir., 265 F.2d 522, 526. This holding is probably not the law of the case in view of the Supreme Court's

remand. It is, however, in our opinion, a sound conclusion which should be restated and reaffirmed. We therefore decide, as was before decided, that the district court erred in failing to sustain the appellant's defense to the action. The judgment of the district court will be reversed and the cause remanded for the entry of a judgment for the appellant.

Reversed and remanded.