Mr. Justice Douglas
 

 delivered the opinion of the Court.
 

 This case, which invoked the diversity jurisdiction of the Federal District Court in a suit to recover damages under an insurance policy, was here before. 363 U. S. 207. The-initial question then as now is whether the 12-month-suit clause in the policy governs, in which event the claim is barred, or whether Florida’s statutes
 
 [1]
 
 nullifying such clauses if they require suit to be filed in less than five years are applicable and valid, in which event the suit is timely. The policy was purchased by petitioner in Illinois while he was a citizen and resident-of that State. Respondent, a British company, is licensed to do business in Illinois, Florida, and several other States.
 

 A few months after purchasing the policy, petitioner moved to Florida and became a citizen and resident of that State; and it was in Florida that the loss occurred two years later. When the case reached here, the majority view was that the underlying constitutional question— whether consistently with due process, Florida could apply its five-year statute to this Illinois contract — should not be reached until the Florida Supreme Court, through its certificate procedure,
 
 [2]
 
 had construed that statute and resolved another local law question.
 
 [3]
 
 On remand the Court of Appeals certified the two questions to the Florida Supreme Court, which answered both questions in
 
 *313
 
 petitioner’s favor. 133 So. 2d 735. Thereafter the Court of Appeals held that it was not compatible with due process for Florida to apply its five-year statute to this contract and that judgment should be entered for respondent. 319 F. 2d 505. We again granted-certiorari. 375 U. S. 929.
 

 While there are Illinois cases indicating that parties may contract — as here — for a shorter period of limitations than is provided by the Illinois statute,
 
 [4]
 
 we are referred to no Illinois decision extending that rule into other States whenever claims on Illinois contracts are sought to be enforced there. We see no difficulty whatever under either the Full Faith and Credit Clause or the Due Process Clause. We deal with an ambulatory contract on which suit might be brought in any one of several States. Normally, as the Court held in
 
 Pacific Employers Ins. Co.
 
 v.
 
 Industrial Accident Comm’n,
 
 306 U. S. 493, 502, a State having jurisdiction over a claim deriving from an out-of-state employment contract need not substitute the conflicting statute of the other State (workmen’s compensation) for its own statute (workmen’s compensation) — where the employee was injured in the course of his employment while temporarily in the latter State. We followed the same route in
 
 Watson
 
 v.
 
 Employers Liability Assurance Corp.,
 
 348 U. S. 66, where we upheld a state statute allowing direct actions against liability insurance companies in the State of the forum, even though a clause in the contract, binding in the State where it was made, prohibited direct action against the insurer until final determination of the obligation of the insured.
 

 The Court of Appeals relied in the main on
 
 Hartford Accident & Indemnity Co.
 
 v.
 
 Delta & Pine Land Co.,
 
 292 U. S. 143, and
 
 Home Ins. Co.
 
 v.
 
 Dick,
 
 281 U. S. 397. Those were cases where the activities in the State of the
 
 *314
 
 forum were thought to be too slight and too casual, as in the
 
 Delta & Pine Land Co.
 
 case (292 U. S., at 150), to make the application of local law consistent with due process, or wholly lacking, as in the
 
 Dick
 
 case.
 
 [5]
 
 No deficiency of that order is present here. As Mr. Justice Black, dissenting, said when this case was here before:
 

 “Insurance companies, like other contractors, do not confine their contractual activities and obligations within state boundaries. They sell to customers who are promised protection in States far away from the place where the contract is made. In this very case the policy was sold to Clay with knowledge that he could take his property anywhere in the world he saw fit without losing the protection of his insurance. In fact, his contract was described on its face as a ‘Personal Property Floater Policy (World Wide).’ The contract did not even attempt to provide that the law of Illinois would govern when suits were filed anywhere else in the country. Shortly after the contract was made, Clay moved to Florida and there he lived for several years. His insured property was there all that time. The company knew this fact. Particularly since the company was licensed to do business in Florida, it must have known it might be sued there . . . .” 363 U. S., at 221.
 

 
 *315
 

 Order of United Commercial Travelers
 
 v.
 
 Wolfe,
 
 331 U. S. 586, involved a six-month-suit clause; but it is a highly specialized decision dealing with unique facts — a suit on an insurance policy issued by an Ohio fraternal society, incorporating its constitution and by-laws, and involving what the Court called the “indivisible unity” of the fraternal society.
 
 Id.,
 
 at 606. In that case the additional time afforded by the statute of limitations of South Dakota, where the case was tried, was not allowed to be applied to the contract. We do not extend that rule nor apply it here, for Florida has ample contacts with the present transaction and the parties to satisfy any conceivable requirement of full faith and credit or of due process.
 

 Reversed.
 

 [6]
 

 A motion to strike a brief
 
 amicus
 
 filed by Florida is denied.
 

 [1]
 

 Fla. Stat. Ann. (1960) §§ 95.03, 95.11 (3).
 

 [2]
 

 Fla. Stat. Ann. (1957) §25.031; Fla. App. Rule 4.61. See
 
 Sun Ins. Office, Ltd.,
 
 v.
 
 Clay,
 
 133 So. 2d 735. For other instances of our use of that certificate procedure see
 
 Dresner
 
 v.
 
 Tallahassee,
 
 375 U. S. 136, and
 
 Aldrich
 
 v.
 
 Aldrich,
 
 375 U. S. 75, 249.
 

 [3]
 

 The meaning of an “all risks” clause.
 

 [4]
 

 See cases cited in 363 U. S., at 217, note 12.
 

 [5]
 

 “. . . [N]othing in any way relating to the policy sued on, or to the contracts of reinsurance, was ever done or required to be done in Texas. All acts relating to the making of the policy were done in Mexico. All in relation to the making of the contracts of re-insurance were done there or in New York. And, likewise, all things in regard to'performance were to be done outside of Texas. Neither the Texas laws nor the Texas courts were invoked for any purpose, except by Dick in the bringing of this suit. The fact that Dick's permanent residence was in Texas is without significance. At all times here material, he was physically present and acting in Mexico.” 281 U. S., at 408.