Floyd C. WALLER, Appellant,

v.

A & C ADJUSTERS, INC., Appellee.

No. 3725.

District of Columbia Court of Appeals.

Argued June 28, 1965.

Decided Aug. 25, 1965.

James Heinz, Washington, D. C., for appellant.

Bernard T. Levin, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Appellant purchased an automobile under a conditional sale contract from appellee's assignor. The purchase was made, and the contract executed, in the District of Columbia; but at that time, as shown on the face of the contract, appellant was a resident of Virginia, and subsequently the automobile was titled in that State and the lien recorded there.[1] Appellant defaulted in his payments, and the automobile was repossessed in the District of Columbia and resold in the District of Columbia. The resale resulted in a deficiency, and appellee brought suit for and obtained judgment in the District of Columbia for such deficiency.

The only question here is as to the controlling law. It is agreed that if the Virginia law is controlling, appellee is not entitled to a deficiency judgment because repossession and resale were not in accordance with the requirements of the Virginia statute.[2] On the other hand, it is agreed that if District of Columbia law is controlling the deficiency judgment is proper.

In a recent well-reasoned opinion, the Louisiana Court of Appeals explored the application of traditional conflict-of-laws principles to a situation factually similar to the one before us. Universal C.I.T. Credit Corporation v. Hulett, La.App., 151 So.2d 705 (1963). After demonstrating that the mechanical application of more than one apparently pertinent principle could, with equal logic, produce contrary solutions, the court adopted an approach involving a determination of which competing jurisdiction had the more significant factual connection with the subject matter of the litigation. We think that approach is sound, as well as consonant with the modern trend in the law of conflicts,[3] and we adopt it here.

With regard to the case before us, therefore, we see no reason why the law of the District of Columbia should not be applied. The suit is founded on the sale of an automobile in the District. The conditional sale contract was executed in the District, and presumably the payments under the contract were made here. The car was repossessed within the District, sold in the District, and the District is now the forum. The only contact with Virginia, on the other hand, is the residence there of appellant, the titling there of the car, and the recordation of a lien. These contacts, we think, are insufficient on balance to require the application of Virginia law.

Affirmed.

---

1. The contract indicated that the automobile was to be kept in Hyattsville, Maryland. The record contains no explanation of this, and neither party makes a point of it.

2. See Federal Motor Truck Co. v. Kellenberger, 193 Va. 882, 71 S.E.2d 177 (1952).

3. See, e.g., Clay v. Sun Insurance Office, Ltd., 377 U.S. 179, 84 S.Ct. 1197; 12 L. Ed.2d 229 (1964).