Keating, J. (concurring).
An automobile liability insurance company subjects itself to the laws of any jurisdiction through which the insured passes and becomes involved in an accident. Louisiana, for example, has a direct action statute. Thus, although the insurance policy was issued to the insured in Connecticut, there is little question that, if the accident had taken place in Louisiana, the insurance, company could be called upon to defend the action as a party defendant in that State, provided that jurisdiction could be obtained. (Watson v. Employers Liab. Assur. Corp., 348 U. S. 66.) And if the party injured *313 in a Louisiana accident was a New York resident and jurisdiction over the insurer could be had in this State, we would permit a direct action to be commenced here. (Oltarsh v. Aetna Ins. Co., 15 N Y 2d 111.)
The constitutional justification for subjecting the insurer to such liability arises not per se because the accident took place in Louisiana but because the occurrence of the accident gave rise to a legitimate governmental interest which Louisiana has in protecting the rights of those persons injured within its borders. As the Supreme Court wrote in Watson v. Employers Liab. Assur. Corp. (supra, p. 72): “ Persons injured or killed in Louisiana are most likely to be Louisiana residents, and even if not, Louisiana may have to care for them. Serious injuries may require treatment in Louisiana homes or hospitals by Louisiana doctors. The injured may be destitute. They may be compelled to call on friends, relatives or the public for help. Louisiana has manifested its natural interest in the injured by providing remedies for the recovery of damages. It has a similar interest in policies of insurance which are designed to assure ultimate payment ”. (See, also, Clay v. Sun Ins. Office, 377 U. S. 179; Currie, Full Faith and Credit, Chiefly to Judgments: A Role for Congress, The Supreme Court Review, 1964, pp. 89-103.)
Similar State interests, it seems to me, would sustain a direct action against the insurer in this jurisdiction if the Legislature had authorized such actions, even though the action could not have been brought directly in the State in which the accident took place. Although no direct action statute is presently in effect, I see no policy reason for not holding that service of process on the real party defendant—the insurer—is sufficient to compel it to defend in this State, provided it transacts business here and is thus subject to the jurisdiction of our courts.
This court has on a number of occasions given effect to the strong State interest in facilitating recovery of persons injured in automobile accidents. The fact that the injury occurs outside of this State does not, of course, lessen that interest. (Babcock v. Jackson, 12 N Y 2d 473; Macey v. Rozbicki, 18 N Y 2d 289, 292, [concurring opn.].)
Likewise, we have on a number of occasions recognized that the real party in interest is the insurer and we have given effect to the fiction sought to be perpetuated here only where the *314 insurer would be prejudiced thereby. As we recently stated: “ The law maintains the fiction that the insured is the real party in interest at the trial of the underlying negligence action [only] in order to protect the insurance company against overly sympathetic juries ”. (Thrasher v. United States Liab. Ins. Co., 19 N Y 2d 159, 167.) It rejects the fiction when the policy considerations are not present. (See Oltarsh v. Aetna Ins. Co., 15 N Y 2d 111, supra; Macey v. Rozbicki, 18 N Y 2d 289, 292, supra [concurring opn.]; Thrasher v. United States Liab. Ins. Co., supra.)
The decision in Seider v. Roth (17 N Y 2d 111) and the cases we decide today represent a recognition of realities and not fictions. It is for this reason that I concur in the result reached.