257 So.2d 42 (1971)
Hector de LARA, Jr., et al., Petitioners,
v.
CONFEDERATION LIFE ASSOCIATION, a Canadian Corporation, Respondent.
No. 40957. District Court No. 70-258.
Supreme Court of Florida.
December 1, 1971.
Rehearing Denied February 15, 1972.
Shalle Stephen Fine, Miami, for petitioner.
Shutts & Bowen, Thomas H. Anderson and Phillip G. Newcomm, Miami, for respondent.
*43 ERVIN, Acting Chief Justice.
We have for review on petition for writ of certiorari a decision of the District Court of Appeal, Third District. Confederation Life Association v. de Lara, Fla. App. 1971, 244 So.2d 539. We have jurisdiction under Article V, Section 4(2) of the Florida Constitution, F.S.A. because this decision conflicts with Confederation Life Association v. Vega y Arminan, Fla. App. 1968, 207 So.2d 33, which opinion was adopted by this Court in Confederation Life Association v. Vega y Arminan, Fla. 1968, 211 So.2d 169.
This is another case arising out of attempts to recover in the United States in United States dollars the face amount of life insurance policies sold in Havana, Cuba, to Cuban nationals.
In 1938, Respondent, a Canadian life insurance company authorized to do business in Cuba and in Florida, insured for $10,000 the life of one German Lopez Sanchez, a Cuban national living in Havana. The insurance policy was applied for, and delivered, in Cuba. It contained the following pertinent provisions:
"PLACES OF PAYMENT.  All sums payable or exigible under this policy shall be paid at the principal office of the Association in the City of Havana, Republic of Cuba, but the insured may, with the assent of the Association, make his payments elsewhere.
"CURRENCY.  All sums payable or exigible under this policy shall be paid in lawful currency of the United States of America."
Following the enactment of a new Cuban law on July 1, 1951, the Association notified its insured that:
"All premiums payable in accordance with this policy as well as all other liabilities contracted under the same and in which a reference is made to American currency, will from now on be payable in Cuban National currency, at par, in accordance with Law No. 13 of 1948 and Decree No. 1384 of April 1951."
The insured died on June 8, 1962, leaving Petitioners as his beneficiaries under the policy. All the Petitioners with the exception of Rosalia Lopez Orue now live in the United States. Petitioner Orue has assigned her rights to the proceeds to the other beneficiaries. After the insured's death, Petitioners filed their claim for the policy's benefits, requesting payment in the United States in United States dollars. Respondent advised them it would only pay them in Cuba in Cuban pesos.
Petitioners filed suit in the Dade County Circuit Court for the face amount of the policy plus interest and bonuses. In his Final Judgment, the trial judge concluded:
"This case is governed by the principles laid down in Confederation Life Assoc. v. Vega [citation omitted] and this Court in equity has the power to grant to the Plaintiffs recovery in United States dollars. .. ."
On appeal, the Third District Court reversed. That court said:
"The complaint sought relief which could be characterized as `equitable' and `legal.' The final decree found that the equities were with the plaintiffs and under the principles of Confederation Life Association v. Vega y Arminan [citation omitted] ordered the insurance company to pay plaintiffs the sum of Ten Thousand Dollars plus bonuses and interest from October 31, 1963.
"On appeal there is a difference of opinion between the parties as to whether plaintiffs were seeking legal or equitable relief in the trial court. Plaintiffs argue that they were seeking and obtained specific performance of the insurance contract in question.
"An examination of the complaint shows that it did not contain any allegation that plaintiffs were without a plain adequate and complete remedy at law. See *44 29A Fla.Jur. Specific Performance § 14. Neither is there proof that plaintiffs had an inadequate or incomplete remedy at law. Cf. Confederation Life Association v. Vega y Arminan [citation omitted]. We hold, therefore, that plaintiff's action was not in the posture of Vega, supra, and this action was not controlled or governed by the equitable principles pronounced therein."
We are unable to agree with the District Court's conclusion relative a supposed pleading defect in respect to Petitioners' seeking an equitable remedy in the trial court. Distinctions between "equitable" and "legal" remedies are not favored in modern practice and belong to a bygone day. They are not present in our modern Rules of Civil Procedure. Rule 1.040, F.R.C.P. See also, authors' comment to the Rule in 30 F.S.A. The trial court clearly recognized the complaint sought equitable relief and granted it. The problem set forth in the complaint was obvious and, as alleged, was in and of itself a predicate for equitable relief. The relief sought in the complaint was payment to the Petitioners of the policy benefits in the form of United States dollars in the United States, not Cuban pesos paid in the City of Havana, Republic of Cuba. Obviously, under outmoded rules of practice the policy, as subsequently unilaterally modified by the insuror as to the currency to be paid and place of payment, could not be read to afford Petitioners meaningful substantial equity relief in an ancient law action. But our trial courts are no longer so restricted and may treat a complaint as an equitable action, if such is the obvious purpose. Specific performance was here sought seeking payment in United States dollars.
The trial judge properly considered the instant situation as falling within the ambit of the rationale of Confederation Life Association v. Vega y Arminan, supra. He recognized that the international situation has not materially changed since the rendition of the Vega decision. He well knew Cuban nationals who are refugees in the United States are still severely handicapped in their free access to visit, trade or conclude business matters in Cuba in Cuban currency, or with resident Cuban citizens or business concerns therein. Moreover, he knew the insuror was a Canadian corporation which was subject to liability, both in Canada and in the United States for its obligations under its issued life insurance policies, and that the original policy provided for payment in United States dollars.
Accordingly, we believe the rule in the Vega case is clearly applicable here and we so hold.
The decision of the District Court is quashed and the cause is remanded with instructions to reinstate the order of the trial court.
It is so ordered.
BOYD, McCAIN and DEKLE, JJ., and SPECTOR, District Court Judge, concur.