**Bess C. BOYD, Plaintiff-Garnisher, Appellant,**

v.

**Charles M. BOWMAN and Amelia Bowman, Defendants,**

v.

**UNITED STATES FIDELITY & GUAR-ANTY COMPANY, Garnishee-Appellee.**

No. 30365.

United States Court of Appeals, Fifth Circuit.

Feb. 14, 1972.

Samuel Z. Goldman, Green & Hastings, Miami, Fla., for plaintiff-appellant.

Raymond J. Dwyer, Steven R. Berger, Carey, Dwyer, Austin, Cole & Selwood, P. A., Miami, Fla., for garnishee-appellee.

Blackwell, Walker & Gray, Miami, Fla., for defendants.

Before JOHN R. BROWN, Chief Judge, and PHILLIPS * and INGRA-HAM, Circuit Judges.

PER CURIAM:

We here again utilize the helpful Florida certification procedures, Fla.Stat. § 25.031, F.S.A. (1959); Fla.App.Rules 4.61, 32 F.S.A, by which the Supreme Court of Florida resolves the controlling question of Florida law.[1] This appeal

---

* Of the Tenth Circuit, sitting by designation.

1. We have taken advantage of Florida certification procedures on numerous occasions. See A. R. Moyer, Inc. v. Graham, 5 Cir., 1971, 443 F.2d 434; Martinez v. Rodriquez, 5 Cir., 1968, 394 F.2d 156, on certification, Fla., 1968, 215 So.2d 305, on receipt of answers to certification, 5 Cir., 1969, 410 F.2d 729; Life Ins. Co. of Va. v. Shifflet, 5 Cir., 1967, 370 F.2d 555, on certification, Fla., 1967, 201 So.2d 715, on receipt of answers to certification, 5 Cir., 1967, 380 F.2d 375; Hopkins v. Lockheed Aircraft Corp., 5 Cir., 1966, 358 F.2d 347, on certification, Fla., 1967, 201 So.2d 743, on receipt of answers to

was taken from the District Court's granting of summary judgment in favor of garnishee, United States Fidelity & Guaranty Company. The District Court determined that under controlling Florida law, the insurance policy in question excluded liability coverage.[2] We certified to the Florida Court the question of whether under Florida law, the subject family automobile insurance policy provides or excludes liability coverage for the specifically named insured husband while he is operating an unscheduled automobile owned by the resident-in-household spouse and insured by another carrier for a lesser amount.[3] The Florida Court has determined that under the facts of the case, the insurance policy in question excluded liability coverage. Boyd v. United States Fidelity & Guaranty Co., Fla.1971, 256 So.2d 1.

Again we must recognize the value of the remarkable Florida certification procedures. As we stated in Martinez v. Rodriquez, 5 Cir., 1969, 410 F.2d 729, 730, "while this Court following the footsteps of the stalwarts below might have reached the same conclusion as that of the Florida Court with respect to the issue in the case, our decision would have had no assurance of predictable correctness. No matter how many Federal Judges, trial, appellate, three-Judge panel, or the full panoply of the court en banc, any decision would have been an *Erie*-guess."

Being both *Erie*-bound and now *Erie*-informed, and having found all other asserted points of error to be without merit, we can with assurance that should be characteristic of the judicial process conclude that the District Court's decision was Florida-correct.

Affirmed.

certification, 5 Cir., 1968, 394 F.2d 656; Green v. American Tobacco Co., 5 Cir., 1962, 304 F.2d 70, on rehearing, 304 F.2d 85, on certification, Fla.1963, 154 So.2d 169, on receipt of answers to certification, 5 Cir. 1963, 325 F.2d 673, cert. denied, 1964, 377 U.S. 943, 84 S.Ct. 1349, 12 L.Ed.2d 306, on appeal after retrial, 391 F.2d 97, rehearing en banc denied, 1969, 409 F.2d 1166; Clay v. Sun Ins. Office, Ltd., 1960, 363 U.S. 207, 80 S.Ct. 1222, 4 L.Ed.2d 1170, on certification upon remand, Fla., 1961, 133 So.2d 735, on receipt of answers to certification, 5 Cir., 1963, 319 F.2d 505, reversed, 1964, 377 U.S. 179, 84 S.Ct. 1197, 12 L.Ed.2d 229.

2. The District Court's opinion is reported at 313 F.Supp. 579.

3. Our earlier decision which includes the certificate is reported as Boyd v. Bowman, 5 Cir., 1971, 433 F.2d 848.