No. 71–1487. Confederation Life Insurance Co. *v.* De Lara et al. Sup. Ct. Fla. Certiorari denied. ▮

Mr. Justice Brennan, with whom Mr. Justice Douglas concurs, dissenting.

I dissent from the Court's refusal to grant certiorari to consider whether the Florida Supreme Court's choice of law in this action on a life insurance contract deprived petitioner of due process under the Fourteenth Amendment and the principles established in *Home Insurance Co.* v. *Dick,* 281 U. S. 397 (1930).

Petitioner, a Canadian insurance company, issued a policy of life insurance in 1938 to German Lopez Sanchez, who was a citizen and resident of Cuba until his death in 1962. The policy provided that all payments would be made in United States dollars, which were then recognized as one of two legal currencies in Cuba. But on June 30, 1951, the Government of Cuba suspended the legal tender status of the dollar and decreed that all previously contracted dollar obligations would henceforth be payable exclusively in Cuban pesos at the rate of one peso per dollar. Petitioner concluded that the decree automatically converted the policy from dollars to pesos, and on July 1, 1951, it notified the insured that

> "[a]ll premiums payable in accordance with this policy as well as all other liabilities contracted under the same and in which a reference is made to American currency, will from now on be payable in Cuban National currency, at par, in accordance with Law No. 13 of 1948 and Decree No. 1384 of April 1951."

The insured declined to terminate the policy in light of this notification, and made all subsequent payments entirely in pesos. By legislation in 1959 and 1961 the Cuban Government reconfirmed the 1951 decree and provided criminal penalties for its violation. Petitioner

maintains peso reserves in Cuba precisely for the purpose of meeting its obligations under this and similar contracts, but it is barred by the Cuban currency laws from transferring those funds outside of Cuba. Under Cuban law it thus seems clear that petitioner was obligated to pay the benefits due under the policy only in Cuba and only in pesos.

Nevertheless, in this suit brought by respondents, beneficiaries of the insured who are now living in Florida, the Supreme Court of Florida held that petitioner's obligations under the contract should be determined according to Florida law. And applying the law of that State, the court concluded that petitioner was obligated to pay the benefits in Florida and in United States dollars. *De Lara* v. *Confederation Life Assn.*, 257 So. 2d 42 (Fla. 1971).

Whether the state court correctly applied its own substantive law is, of course, not in issue here. We are concerned only with the state court's choice of law. Petitioner maintains that the Due Process Clause of the Fourteenth Amendment precludes a State from altering "substantive obligations arising out of a foreign transaction having no significant relation to the state." The general validity of that proposition is clearly established by *Dick, supra,* where we held that the State of Texas was "without power to affect the terms of the contracts" since "[a]ll acts relating to the making of the policy were done in Mexico." In an opinion by Mr. Justice Brandeis, the Court held that the attempt by the Texas courts "to impose a greater obligation than that agreed upon and to seize property in payment of the imposed obligation violates the guaranty against deprivation of property without due process of law." 281 U. S., at 408.

In *Clay* v. *Sun Insurance Office*, 377 U. S. 179 (1964), we reaffirmed by implication the validity of *Dick,* but

concluded that, on the particular facts of that case, the forum State could reasonably apply its own law. We distinguished *Dick* and *Hartford Accident & Indem. Co. v. Delta & Pine Land Co.,* 292 U. S. 143 (1934), on the grounds that in the latter the relationship of the forum State to the transaction was too slight and casual to permit application of local law, and in the former the relationship was "wholly lacking." 377 U. S., at 181–182. The question, therefore, is whether this case is controlled by *Dick* and *Delta & Pine Land Co.* or by *Clay.* In my view, the facts of this case warrant plenary review by this Court of the question whether the obligation of the parties is governed by Cuban law. Florida has no relationship to the insurance policy at issue here. The deceased lived in Cuba until his death in 1962. All premiums were paid in Cuba. And assets held in reserve to meet the insurer's obligations were also maintained in Cuba. Measured under any reasonable choice-of-law test, these facts argue forcefully against the application of Florida law.

Respondents maintain, however, that even if the Florida Supreme Court erred in applying Florida law, the court could properly have applied the law of Canada and reached the same result. As a statement of Canadian law, respondents cite the decision of the Supreme Court of Canada in *Imperial Life Assurance Co. of Canada v. Colmenares,* 1967 Can. L. Rep. 443. And they point out that the Florida trial court, reasoning that the contract was made in Toronto, Canada, and that the *lex loci contractus* was Canadian law, applied the decision in *Colmenares* as an alternative basis for its decision. Petitioner's head office is, of course, located in Toronto. But the conclusion of the trial court flies in the face of the undisputed fact that the policy was negotiated in Cuba and became effective there; that it was to be performed in Cuba; that premiums were to be paid there;

that it was drafted in Spanish and in conformance with Cuban law; that it was issued through petitioner's Havana office and was notarized there. It may well be that on this record the Florida Supreme Court perceived no basis for the conclusion that the contract was in any sense "made" in Canada.

In any case, the short answer to respondents' contention is that the Florida Supreme Court relied on Florida law—and Florida law alone—in disposing of the case. The court declined to comment on the trial court's alternative holding, and rested its decision squarely and exclusively on *Confederation Life Assn.* v. *Vega,* 207 So. 2d 33 (Fla. Dist. Ct. App.), aff'd, 211 So. 2d 169 (Fla.), cert. denied, 393 U. S. 980 (1968), where it had applied Florida law to determine the obligations of an insurer under a contract issued to a Cuban. Thus, there is a substantial question whether the only asserted basis of the decision of the Florida Supreme Court—application of Florida law—was erroneous under the Due Process Clause of the Fourteenth Amendment. And since the Government of Canada has represented to us that the decision of the Florida court has significant international ramifications, considerations of comity provide an additional and forceful reason for granting the petition for certiorari and setting the case for oral argument.