Santos Torres **HERNANDEZ,**
Plaintiff,

v.

The **STEAMSHIP MUTUAL UNDER-
WRITING ASSOC., LTD.,** Defendant
and **Third-Party-Plaintiff,**

v.

**OCHOA INVESTMENT CORP.** and **Puerto
Rican-American Insurance Co.,**
Third-Party-Defendants.

Civ. No. 829–67.

United States District Court,
D. Puerto Rico.

Dec. 27, 1974.

Nachman, Feldstein & Gelpi, San Juan, P. R., for plaintiff.

Bird & Bird, San Juan, P. R., for defendant.

Agrait, Otero & Oliveras, San Juan, P. R., for third party defendants.

### MEMORANDUM OPINION

FERGUSON, District Judge.

The relevant undisputed facts in this case are as follows:

1. La Corsara, S.p.A., was, in 1965, a corporation organized under the laws of Italy.

2. La Corsara at that time owned a boat, the M/V Corsair.

3. La Corsara was a member of The Steamship Mutual Underwriting Association, Ltd. (hereinafter the Association), from which it had a policy indemnifying losses actually incurred by it.

4. On or about February 2, 1965, plaintiff Santos Torres Hernandez was an employee of Ochoa Fertilizer Corporation, which was conducting stevedoring operations aboard the Corsair while she was docked at Guanica, Puerto Rico.

5. During the course of his work aboard the Corsair on that date, plaintiff was injured.

6. On December 8, 1967, plaintiff commenced this action, invoking the diversity jurisdiction of this court.

7. On February 1, 1968, La Corsara filed a third-party complaint against Ochoa, seeking indemnification. That complaint was amended on March 19, 1968, to include as a defendant the Puerto Rican-American Insurance Company, which had issued a policy of insurance to Ochoa covering liability for the kind of loss alleged by plaintiff.

8. On October 15, 1968, counsel for La Corsara moved to withdraw because the company had been adjudged bankrupt by a court in Trieste, Italy, and he was therefore unable to receive instructions or payment from them. A month later the court received official confirmation of the bankruptcy, along with a

motion by the trustee to have the lawsuit suspended.

9. On August 31, 1971, plaintiff submitted an amended complaint, naming The Steamship Mutual Underwriting Association, Ltd. as an additional defendant. Plaintiff asserted a right to sue the Association directly, since it was allegedly the insurer of the risk which led to plaintiff's damages. To support this claim, he cited the direct action statute of Puerto Rico, 26 L.P.R.A. § 2003.[1]

10. Defendant Association responded on December 17, 1971, with a motion to quash service and dismiss the action for lack of jurisdiction over the person, since the Association had never done business or been present in Puerto Rico.

11. On January 12, 1973, the Association submitted an affidavit in support of its motion to quash and dismiss, and asked for 15 days in which to file a memorandum of law. The time was granted.

12. The memorandum was never filed and, on April 11, 1973, the court therefore denied the motion, and ordered the Association to proceed with its answer, which it did.

Defendant Association now moves for a summary judgment, based on numerous contentions which it feels show that, as a matter of law, no legal liability on its part can be found. It contends that it is not an insurer of liability, but merely an indemnifier of any actual losses sustained by a paid-up member. It also feels that various terms of its contract were not met by La Corsara, so that there can be no legal liability even if the policy is somehow applicable to this kind of accident. And it argues, in effect, that the laws of Puerto Rico, and particularly the direct action statute, can't apply to it since it does no business in, and has no contact with, Puerto Rico.

This last contention is the only one that the court need deal with, since it is dispositive. The contract between La Corsara and the Association, be it for liability or indemnification, was not made in Puerto Rico, nor did it deal with an object of insurance known to be primarily in Puerto Rico. These facts take the contract out of the reach of the statutes relied upon by plaintiff.

For the purposes of the ensuing discussion, it will be assumed that the contract between La Corsara and the Association is of the kind generally intended to be controlled by the statutes discussed infra, even though it has not been shown that such is the case. Such an assumption grants plaintiff the most favorable interpretation of the contract itself, and allows this court then to ascertain whether even that interpretation gives plaintiff possible legal grounds on which to hold defendant Association liable.

Plaintiff cites 26 L.P.R.A. § 1119 [2] as voiding any insurance contract provision which attempts to limit an injured party's right to use the insurer directly. The contract at issue has just such a provision in its requirement that the member—here, La Corsara—pay any

---

1. 26 L.P.R.A. § 2003 says:

"Any individual sustaining damages and losses shall have, at his option, a direct action against the insurer under the terms and limitations of the policy, which action he may exercise against the insurer only or against the insurer and the insured jointly. The direct action against the insurer may only be exercised in Puerto Rico. The liability of the insurer shall not exceed that provided for in the policy, and the court shall determine, not only the liability of the insurer, but also the amount of the loss. Any action brought under this section shall be subject to the conditions of the policy or contract and to the defenses that may be pleaded by the insurer to the direct action instituted by the insured."

2. 26 L.P.R.A. § 1119 says:

"(1) No policy delivered or issued for delivery in Puerto Rico and covering a subject of insurance resident, located, or to be performed in Puerto Rico, shall contain any condition, stipulation, or agreement:

(a) Depriving the insured of right of access to the courts for determination of his rights under the policy in event of dispute.

(b) Depriving the courts of Puerto Rico of jurisdiction of action against the insurer. . . ."

loss before the Association will become liable to indemnify it.

The problem with the argument is that § 1119, by its own terms, applies only to policies "delivered or issued for delivery in Puerto Rico and covering a subject of insurance resident, located, or to be performed in Puerto Rico . . . ." The record includes no indication that the policy was delivered or issued for delivery in Puerto Rico; to the contrary, the affidavit of Mr. Tolhurst, the Association's Manager, asserts that all relevant agreements were made at the Association's headquarters in London. In addition, only by a stretch of the statutory language could insurance on a motor vessel operating out of Italy be deemed to concern a subject "resident, located, or to be performed in Puerto Rico."

Plaintiff then discusses 26 L.P.R.A. § 2003,[3] the direct action statute. He rightly analogizes it to a similar Louisiana statute, on which it was based, and cites cases which hold that that statute is applicable even where the contract in question was made outside the form jurisdiction. The principle therein relied upon by plaintiff is that parties cannot, by resort to contractual provisions, negate policies which are mandated by state laws.

■ That is a good and valid principle, but it has reference only to contracts which are in some way related to the state whose policies are in issue. A quick look at such Louisiana cases as Olympic Towing Corp. v. Nebel Towing Co., 419 F.2d 230 (5th Cir. 1969), and Buxton v. Midwestern Ins. Co., 102 F. Supp. 500 (W.D.La.1952), makes clear that there was no dispute as to the legitimate and substantial contacts ·which Louisiana had with the parties and the contract. On such facts, Louisiana (or Puerto Rico) may of course regulate the terms of such contracts to make them accord with her public policy. This is because insurance is a business vested with the public interest, and therefore subject to regulation through the police power once the parties to the insurance somehow make themselves amenable to the power of the state in question. See Olympic Towing Corp., supra, 419 F.2d at 237; Buxton, supra, 102 F.Supp. at 507; Maryland Casualty Co. v. San Juan Racing Assoc., 83 P.R.R. 538, 542 (1961).

■ In this case, however, there is no indication that the Association in any way made itself subject to the laws of Puerto Rico. As discussed earlier, the contract was not made, or intended to be performed, there. Nor does the Association do any other business in Puerto Rico. If it did, then the argument could be made that it had, by availing itself of the benefits and protections of Puerto Rico's sovereignty, subjected itself to the various laws of the Commonwealth. But it has taken no such action.

In addition, this court finds nothing in the statutes or case law of Puerto Rico to indicate that the Commonwealth's Legislature intended its direct action statute to apply to contracts made and intended to be performed totally outside the Commonwealth. 26 L.P.R.A. § 1119, discussed earlier, is something of a clear indication to the contrary, in its inclusion only of policies made or to be performed in Puerto Rico. The Supreme Court of Puerto Rico, in discussing another aspect of the insurance business—rate regulation—expanded the reach of the Commonwealth's rate regulation power to contracts written, at least in part, outside the state, but relied in large part on the fact that Puerto Rico was the jurisdiction with the greatest contact and closest relation with the contract. Maryland Casualty Co., supra, at 546. There was no such close relation between Puerto Rico and the indemnification contract—or its intended benefits—in this case.

As a matter of fact, any attempt to make the statute reach farther than the distance implied by Maryland Casualty might well run afoul of the Due Process Clause, in much the same way as do

3. See note 1, supra.

statutes which attempt to confer on state courts personal jurisdiction over those who have little or no contact with the forum state. For a discussion of the tension between forum state (insurance) policies and the Due Process Clause, see Home Ins. Co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926 (1930); Watson v. Employers Liability Assurance Corp., Ltd., 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74 (1954); Clay v. Sun Insurance Office, Ltd., 377 U.S. 179, 84 S.Ct. 1197, 12 L.Ed.2d 229 (1964).

Since the Puerto Rican laws cited by plaintiff may not legally be asserted against defendant Association, defendant's motion for summary judgment is hereby granted.